Carey *v.* Frederick Wiedlandt & Co., Appellant.

Argued November 10, 1930.

Before Trexler, P. J., Linn, Gawthop, Cunningham, Baldrige and Whitmore, JJ.

*E. H. Deysher,* for appellant.

*John B. Stevens,* and with him *Harry W. Lee* and *Charles H. Weidner* of *Stevens & Lee,* for appellee.

OPINION BY TREXLER, P. J., January 30, 1931:

This is a Workmen's Compensation case. Charles Carey was employed by the Frederick Wiedlandt & Company. In the course of his employment, his arm was broken. The accident occurred February 6, 1924. He was confined to the hospital for about a week and then went home, and made visits to his physician every other day. The improvement was such that the physician concluded on or about the 28th or 31st of March that he could go to work in about a week. He had a fairly good use of his arm. He could put it about 20 degrees perpendicular, and had a good flection. The doctor stated, "When I told him to carry a bucket of coal to increase the motion of the arm, he was doing it with apparent pain." The doctor told him to come back as he wanted to see the arm before he went to work.

On April 1, 1924, on his way to his physician, he slipped on an icy pavement and injured his arm a second time. As a result of this accident, the arm was in such condition that the physician said it would be necessary to perform a surgical operation to unite the bone. The hand looked entirely different then, than when he had seen it on a previous visit. The arm was swollen, quite tender and the motion was very much limited. There was a big snow storm that day. The doctor testified that the second occurrence aggravated his condition and prolonged his disability.

The referee found that the claimant's continued disability was due to the original injury. The board sustained his conclusion and the court of common pleas did the same. The appellant argues that there was no causal connection between the second accident

and the first, that the injury which was inflicted on April 1st was entirely independent of it. We think there was enough evidence in the case to show that the result of the second fall was an aggravation of the condition resulting from the first fall. It was a question of fact to be determined by the Referee.

The province of the court is to ascertain whether there is sufficient evidence to support the findings of the board. The lower court made the following comment: "Plaintiff, while going to the doctor's office for necessary treatment, and suffering from an arm still at times painful and of limited function, fell and aggravated the existing defective and unhealed condition. The chain of causation is sufficiently close to uphold the conclusion of the Board. It is as close as in the case of Hornetz v. Phila. & Reading Co., 277 Pa. 40, in which a fracture of the finger-bone was adjudicated to be the cause of the patient's death from an anaesthetic administered during an operation upon the finger."

When a person is recovering from an injury, there may be various causes which may prolong his full recovery, but they do not prevent his continuing to obtain compensation as long as the disability persists, or until the limit fixed by law is reached. It must be borne in mind that at the time the claimant slipped on the ice, he was still suffering some of the disability occasioned by the original injury. When he slipped, he threw out his arm to save himself and what happened to it, the claimant could not describe, but the doctor testified that the unfavorable condition was prolonged. The right to compensation does not cease when the disability should, under normal condition, end. From common experience, we know that recovery is often delayed by various causes. When such causes aggravate the condition, they do not affect the right to compensation, if they inflict a new

injury, the latter is not compensable. In this case, the plaintiff does not seek to obtain compensation for a new injury. It is for the same cause as stated in the original complaint.

The judgment is affirmed.