## Gallagher *v.* Hudson Coal Company, Appellant.

Argued March 5, 1935.

Be-fore Keller, P. J., Cunningham, Baldrige, Stadt-feld, Parker, James and Rhodes, JJ.

*Rudolph S. Houck, John P. Kelly,* and *Thomas L. Ennis,* for appellant.

*Roger J. Dever,* for appellee.

Opinion by Keller, P. J., April 15, 1935:

On May 11, 1932, the claimant, while in the course of his employment with the defendant, fell and broke the knee-cap of his right knee, near the lower end. The broken fragment was fastened to the rest of the knee-cap with a silver wire and apparently healed. A compensation agreement was entered into for total disability beginning May 19, 1932, for an indeterminate period. He was paid compensation until October 16, 1932, when he signed a final receipt. The defendant had no work for him, and on January 16, 1933, he went to work as an inside laborer for South Penn Collieries Co. In the meantime, in December 1932, his injured knee began troubling him. On January 26, 1933, while working for South Penn Collieries Co. his injured knee gave way, while he was walking, and he fell, pus coming

out immediately from the place where he had been hurt. On consulting a surgeon who specialized in bone and joint surgery, the latter found that the knee was swollen and there was a small wound from which fluid was discharging. He sent claimant to a hospital until the wound healed up and then had an X-ray taken, after which he operated on the knee and found a large amount of clotted blood in the joint; the knee capsule was rent across and the knee-cap ligament stripped off the lower end of the knee-cap. He made an artificial ligament by taking half of claimant's heel cord or tendon of Achilles, and grafted it to the bone. A hole was bored on each side of the knee-cap and the ligament was threaded through that and then holes were bored in the tibia and the ligament was threaded through that and fastened in what remained of the knee-cap tendon, which gave him "a pretty good leg."

The surgeon, who performed the second operation, testified that claimant would not have had the second injury if he had not had the first; that the first injury weakened the tissues about the knee-cap; that, in his judgment, a certain amount of degeneration set in and that the circulation was not as good as before; that in walking about with an insecure knee the knee-cap tendon stripped off the lower end of the knee-cap. The evidence of the claimant was that while he was walking the knee gave out and caused his fall; and the doctor explained this as follows: "What he told me was that he felt his knee give out without any warning and while he was walking the knee gave out and he fell. Now I think when he fell he got that or could get that little hole in the skin. There was a piece of wire was drawn tightly against the skin and, as he flexed it forcibly, made a little wound, but it also stripped the patella tendon away from the bone and rent the capsule straight across." He also gave it as his opinion that claimant's leg gave out as the result of his former injury.

We think this evidence supported the finding of the referee that claimant's disability of January 26, 1933, was the result of his accident on May 11, 1932, and could be classed as a recurrence of disability; and justified the award of compensation from January 26, 1933, to August 16, 1933. The proximate cause of the second accident was the giving way of his leg due to the weakened condition of the tissues about the knee-cap, as a result of the first accident. If his leg had been sound and well it would not have given way. If he had tripped over some object and fallen, causing a new injury, this defendant would not have been liable for the resulting disability. But when the leg gave way from weakness, or inflammation, which was the result of the first fall, the disability following the fall, which resulted from this weakness or inflammation, may properly be referred back to the original injury. See Carey v. Wiedlandt & Co., 100 Pa. Superior Ct. 220, and Hornetz v. P. & R. C. & I. Co., 277 Pa. 40, 120 A. 662.

The judgment is affirmed.