Micklos *v.* Ebensburg Coal Company, Appellant.

Argued April 20, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, KENWORTHEY and RENO, JJ. (HIRT, J., absent).

*Francis A. Dunn,* for appellant.

*Samuel R. Di Francesco,* for appellee.

OPINION BY BALDRIGE, J., July 16, 1943:

The claimant on August 12, 1938, struck his back and head on a crossbar in defendant's mine, resulting in an injury to his brain and paralysis of the left arm and leg. He filed a claim petition under our Workmen's Compensation Act on November 28, 1938. On December 15, 1939, the referee after hearing awarded compensation. He found, however, that the claimant had fully recovered as of July 20, 1939. On July 8, 1940, there was filed a petition for rehearing which the board considered as an application for a modification under section 413, 77 PS §772. The claimant alleged therein that he was suffering disability as a result of the original accident on August 12, 1938. He testified at the hearing that on October 9, 1939, while following hunting dogs, which he was training, over brushy, hilly country for about an hour and a half he became exhausted, suffered a dizzy spell and experienced a return of the paralysis of his left hand and arm.

Dr. E. E. Mayer, who had treated this man for his original injury, diagnosed it as a subdural hemorrhage with edema causing temporary paralysis of the one side, but leaving a definitely injured brain tissue. An examination in June 1940, some months after the second injury, convinced him that certain capillaries, which originally had been injured but not permanently repaired, broke down and caused a further destruction which has resulted in a disabled left arm. He concluded that claimant's present disability was directly traceable to the original accident.

Physicians called by the defendant were of the opinion that the claimant's second injury was brought on solely by overexertion in taking violent exercise and had no relation to the original brain injury.

The referee accepted the opinions of defendant's physicians as to causation and dismissed claimant's petition. The board vacated the referee's findings and remanded the case for the appointment of an impartial pathologist.

Dr. B. J. McCloskey, the impartial expert appointed, testified that in his opinion the claimant, as a result of the blow on the head, had suffered a subdural hemorrhage which was followed by adhesions between the brain and dura and perhaps some brain softening. He stated that in his judgment the second, more extensive, hemorrhage, involving the area of the brain and dura previously damaged, was precipitated by a raised blood pressure produced by the exertion in walking over hills and that the condition of the claimant's brain at the time of the second occurrence was the result of the first injury. He concluded his testimony by stating: "I believe there is a relationship between the accident on October 9, 1939 and the accident of August 11, 1938."

The referee again found against the claimant upon the question of causation and dismissed his petition. The board on appeal set aside the referee's fourth and fifth findings and substituted its own stating that the condition following the exertion of October 9, 1939, was "a recurrence of disability due to his accident of August 12, 1938;" that claimant's "second stroke was directly related to the original injury of August 12, 1938 and that the exertion engaged in at the time the second stroke was precipitated was merely coincidental thereto." The board then entered an award based on a fifty per cent disability. The court of common pleas affirmed the board.

The question now before us is: Was the evidence

sufficient to support the board's findings and conclusions of law? The answer is in the affirmative.

The medical testimony was definite and sufficient in quality and quantity to meet the legal standard of proof: *Elonis v. Lytle Coal Company,* 134 Pa. Superior Ct. 264, 271, 3 A. 2d 995; *Monahan v. Seeds & Durham,* 336 Pa. 67, 71, 6 A. 2d 889; *Euker v. Welsbach St. Lighting Co.,* 149 Pa. Superior Ct. 78, 83, 25 A. 2d 758. We are not warranted, therefore, in holding as a matter of law that the second stroke and recurring disability was not directly traceable to the original injury.

Here, as in *Carey v. Weidlandt & Co.,* 100 Pa. Superior Ct. 220, 222; *Gallagher v. Hudson Coal Co.,* 117 Pa. Superior Ct. 480, 178 A. 161; and *Roberts v. Hillman Coal & Coke Co.,* 131 Pa. Superior Ct. 570, 577, 200 A. 128, the second injury was in the same part of the body as the original injury and could be classified very properly as a recurrence of the disability. We agree that cases may arise where the elements of time and intervening causes may be such that the second injury could not be said to be the proximate, probable, and natural result of the original accident *(Marshall v. Pittsburgh,* 119 Pa. Superior Ct. 189, 194, 180 A. 733), or the second occurrence may so predominate that it over-shadows the original cause, but the facts before us do not align this case in either of those categories.

Judgment of the court below is affirmed.