Aboud, Appellant, v. Aluminum Seal Company.

Argued November 13, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Abraham Fishkin,* with him *Andrew S. Romito,* for appellant.

*R. E. Best,* with him *Smith, Best & Horn,* for appellee.

OPINION BY FINE, J., March 8, 1948:

On December 7, 1945, Mroud Aboud, claimant, was employed by the Aluminum Seal Company and while engaged in shoveling sweepings from the floor of his employer's plant, slipped and fell. As he fell his groin struck the edge of a machine and he immediately felt sharp pains in the abdominal area. He ceased work at once and was then removed to the plant infirmary where he was later examined by the company physician. The referee found claimant totally disabled as a result of

hernia and awarded compensation at the rate of $20.00 per week pursuant to section 306(a) of the Workmen's Compensation Act, as last amended by the Act of 1945, P. L. 671, section 1, 77 PS §511, in effect on the date of the accident.[1] The board affirmed the referee and the employer appealed to the court below. That court, one judge dissenting, modified the award by reducing it to $18.00 per week, concluding that ". . . the injury was not a new injury, but a 'recurrence' of the original injury," and, therefore, compensation should be awarded in accordance with the statute in effect on July 23, 1938, the date of the claimant's first injury.[2] The claimant has appealed.

The testimony before the referee reveals that on July 23, 1938, the claimant suffered a ventral hernia in the course of his employment and was paid compensation at the rate of $18.00 per week until April 4, 1939. On March 18, 1940 and later on January 11, 1941, claimant again suffered like hernial ailments and during those respective periods of physical incapacity was unable to pursue his employment and was paid compensation at the same rate. He has undergone three operations for the correction or remedy of the hernial ailments and, when requested by his employer to submit to operative treatment for the fourth time, he refused on the advice of his personal physicians.

The controlling issue is whether the present total disability resulted from the accident on December 7, 1945, or from a recurrence of the earlier injury.[3] Both

---

[1] See *Artac v. Union Collieries Co.*, 149 Pa. Superior Ct. 449, 27 A. 2d 782.

[2] The Workmen's Compensation Act, as amended by the Act of June 4, 1937, P. L. 1552, art. 3, section 511, 77 PS sec. 511, provides, inter alia, ". . . compensation shall not be more than eighteen dollars per week nor less than twelve dollars per week . . ."

[3] Appellee's brief describes the first accident as follows: "The claimant . . . while pushing a heavy truck, on 23 July, 1938, felt pain in his abdomen, which was diagnosed as a ventral hernia. He

the referee and the board found disability was caused when claimant struck his groin on the edge of a machine as he fell to the floor following his foot-slip. The Compensation Board correctly concluded that: "The record discloses and clearly establishes that claimant's present disability, which is total in character, is of accidental origin." The court below erred in modifying the board's award.

The court below in reducing the award did find, however, that claimant "again suffered an accident on December 7, 1945", and epitomized its conclusions, as follows: "We are of the opinion that this award . . . cannot be sustained. It will be noted that the injury was not a new injury, but a 'recurrence' of the original injury. We believe the case is governed by the case of Roberts v. Hillman Coal and Coke Co., 131 Pa. Superior Ct. 570-573, 200 A. 128. See also the case of Huha v. Frick Coke Co., 149 Pa. Superior Ct. 108, 27 A. 2d 739." The dissenting opinion discussed at length claimant's refusal to undergo a fourth operation and concluded the refusal was justified. The pattern of the board's opinion is similar. The board observed that, "The main question involved in this appeal is whether the claimant's refusal to submit to a fourth operation is justifiable", and after finding without discussion that the claimant's present total disability was of accidental origin, proceeded to discuss the "main question", as stated by it, and concluded with an affirmance of the referee's findings of fact, conclusions of law, and award.

Summarizing the third, fourth, fifth and sixth findings, the referee found that "As a result of this accident,

continued at his usual employment as a janitor until the 1st day of November, 1938, at which time he was hospitalized by the employer, and paid compensation at the rate of $18.00 per week until April 4, 1939. . . . Whether or not claimant's original hernia was a compensable one, the employer recognized it as such, and months after it was alleged to have occurred arranged for hospitalization in an effort to correct the condition. . . ."

(December 7, 1945) the claimant has been unable to perform any work whatsoever because of *a recurrent ventral hernia*; that ". . . Following the accident of December 7, 1945, which brought about *another recurrence of the ventral hernia,* the defendant tendered claimant an operation for the correction of his condition, but same was refused by the claimant"; and, ". . . we believe the claimant's refusal to submit to said operation is reasonable and justifiable." (Italics ours.)

If the employer stressed, as is indicated, claimant's refusal to undergo a fourth operation as a bar to compensation in the lower court, it abandoned that position on appeal and now concedes that the "claimant should receive the *compensation* to which he is entitled for *recurrence by reinstating the original agreement."* (Italics ours.) The appellee (employer) here and the court below base the reduction in the amount of the award on the sole ground that, the compensation authorities having found as fact that the claimant suffered a "recurrence of the ventral hernia," and "there being ample evidence to sustain this finding, it is binding upon the parties . . ." Appellee emphasizes too strongly the word, "recurrence", as used by the compensation authorities, and ignores other considerations. The referee and the board found that the "recurrence" was the result of the fall—the accident, and not, as appellee would have us believe, the normal progression of hernia or the result of a prior injury. There is not a scintilla of evidence that the recurrence happened from any cause, other than the fall. In the referee's second conclusion of law, affirmed by the board, it is said that ". . . the claimant is entitled to recover . . . for total disability by reason of his accident suffered while in the course of his employment . . ." We do not agree this case is governed by *Roberts v. Hillman Coal and Coke Co.,* supra, and *Huha v. Frick Coke Co.,* supra, relied on by the court below and the appellee. The cases are easily

differentiated on the facts. In the *Roberts* case[4] the issue was whether the precipitation of the hernia constituted a "recurrence" within the intendment of the second paragraph of section 413,[5] of the disabling condition upon which the original agreement has been based, or amounted to a "new injury." The *Roberts* case is clearly inapposite in that Roberts there sought *reinstatement* of compensation upon a showing that his disability had "recurred", i.e., the descent of the hernia was due to his weakened abdominal wall following an operation necessitated by a compensable accident, and was not a "new injury". Aboud, however, seeks to prove the converse, namely, that his hernial condition was a new and independent injury caused by an accident, to wit, the fall. The present claimant could not successfully challenge the lower court's reduction in the award had he established (as did Roberts) that his injury was "recurrent". What was said in the *Roberts* case pertaining to the claimant's burden of proof therefore does not militate against the present claimant for there, Roberts secured reinstatement of compensation (section 413) by showing a present injury referable to a prior accident whereas

---

[4] The *Roberts* case was controlled by *Gallagher v. Hudson Coal Co.*, 117 Pa. Superior Ct. 480, 178 A. 161; *Marshall v. Pittsburgh*, 119 Pa. Superior Ct. 189, 180 A. 733; *Carey v. Weidlandt and Co.*, 100 Pa. Superior Ct. 220. In the *Gallagher* case, Judge KELLER said: "The proximate cause of the second accident was the giving way of his leg due to the weakened condition . . . as a result of the first accident. . . . If he had tripped over some object and fallen, causing a new injury, this defendant would not have been liable for the resulting disability." In other words, it would have been a "new injury" and not a "recurrence". Judge PARKER, later Justice PARKER, in the *Marshall* case after quoting with approval from the *Gallagher* case, held that the principle of proximate cause involved in tort cases was applicable.

[5] The Workmen's Compensation Act of 1915, art. 4, section 413, as amended by the Act of June 21, 1939, P. L. 520, section 1, 77 PS sec. 772, provides *inter alia*: "The board . . . may, at any time, modify, reinstate, suspend, or terminate an original or supplemental

Aboud seeks compensation (section 301) for a "new injury" resulting from a second accident. There and here both claimants met their respective burdens; Roberts by showing his injury was caused by a weakened abdominal wall the result of a previous accident; Aboud by satisfying the compensation authorities by sufficient competent evidence the present injury was of accidental origin—the fall. The appellee offered no testimony to controvert claimant's evidence to that effect. Contrarily to the *Roberts* case no mention was made in the instant case by the compensation authorities or by the lower court of a weakened abdominal wall probably because the meagre testimony thereon related to the inadvisability of a fourth operation, rather than as proof that it was a causative or contributing agent of the present hernia. The compensation authorities therefore properly determined the claimant suffered a "new injury". Any naked term, viz. "recurrent", unsupported by evidence, which would convey a contrary meaning as contended for by the appellee, would be clearly a misnomer and could not prevail over established facts. *Huha v. Frick Coke Co.*, supra, does not aid the appellee's position. In the latter case, the "award unappealed from adjudicated the causal connection between the injury and the operation and the disability resulting from it."

In the case before us there is no evidence on which to base a finding that there is a causal connection between the occurrence of the fourth hernia and the original injury. Appellee must perforce rely on the testimony of Dr. J. Huber Wagner, who testified the claimant ". . . had a definite recurrent ventral hernia . . .", which testimony, however, falls short of establishing the previous injury as the proximate cause of the present

---

agreement or an award . . . upon proof that the disability . . . has increased, decreased, recurred . . . or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made of the date upon which it is shown that the disability of the injured employe has . . . recurred. . . ."

hernia. Dr. Wagner did not say,—nor was he asked whether,—the present hernia was the "recurrent" result of the first injury or was referable to it, or was caused by any of the operations necessitated by the first injury. Neither was there any testimony that the claimant fell as a result of a weakened abdominal wall caused by previous hernias or by the prior accident, or by operations necessitated by them. We are not to infer from the use of "recurrent" the referee meant the hernia "returned" or "reappeared" as a result of the previous injury or that said injury was the proximate cause of the present hernia. Such inference is in direct conflict with referee's explicit finding that the disability was the result of the accident which he "again suffered" on December 7, 1945. Admittedly, (1) claimant had previous hernial conditions which were compensable; (2) there was a second accident; (3) simultaneously with that accident claimant suffered pain in the abdominal region; (4) a hernial ailment (fourth) developed immediately; (5) there is a total disability. Unquestionably, the second accident, as distinguished from normal progression of a hernial ailment, became the *super-inducing* cause of the present hernial condition; it need only materially contribute to the disability; except for it, the hernia would not have occurred. That the injured person was more susceptible to injury than an ordinary person is immaterial. Cf. *Krutsky v. Hazle Brook Coal Co.*, 113 Pa. Superior Ct. 437, 173 A. 424.

A pre-existing condition may render a claimant more susceptible to injury but does not necessarily defeat his right to compensation. Conversely, proof of the aggravation of a prior condition is not evidence upon which an award may be based, for that fact alone does not give rise to an inference that the operative cause of disability was an accident. There must be clear proof as in the instant case of an accident: *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 3 A. 2d 377; *Rupchak*

*v. Westinghouse Electric & Manufacturing Co.*, 161 Pa. Superior Ct. 228, 54 A. 2d 309. The injury sustained by an accidental fall is compensable even though the disability which follows is amplified because of aggravation of pre-existing weakness. In this case, the referee's findings that total disability was caused by an accident—the fall—is supported by the evidence.

Distinction must be made between those situations where the original accident has created a weakness, and, without proof of a second accident, there is a recurrence of disability, (*Roberts v. Hillman Coal & Coke Co.*, supra.), and where, as here, a second accident has aggravated a pre-existing injury and total disability results. Appellant has sufficiently established that the cause of the present disability was an accident,—the fall which occurred on December 7, 1945. It is true that the present total disability came about by the aggravation of a pre-existing weakness but it was the accidental fall which was the operative cause of the present disability.

Order reversed; the record remitted to the court below with directions to enter judgment on the award.