## Williams, Appellant, *v.* New Bethlehem Burial Service.

Argued April 10, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*J. A. Bolard,* with him *A. Grant Walker,* for appellant.

*Alban W. Curtze,* with him *Brooks, Curtze & Silin,* for appellee.

Opinion by Ross, J., July 20, 1950:

In this workmen's compensation case, the claimant, an employe of the defendant company which is engaged in the manufacture, delivery and placing of burial vaults, became disabled on August 16, 1947, while assisting in lifting the dome of a burial vault. While so engaged, the claimant felt something "snap" in his back and experienced severe pain, necessitating his discontinuing work. He filed a claim for compensation and, after it was disallowed by the compensation authorities and his appeal dismissed by the court below, took this appeal.

The claimant's disability was caused by a forward displacement of the fifth lumbar vertebra which resulted from the strain of lifting. A medical examination, including X-rays, disclosed that the claimant had a congenital spondylolisthesis, which was explained by his doctor as ". . . a congenital anomaly of the lumbo-sacral joint. . . . It is congenital—I mean, it's there before birth and it consists of a defect in the isthmus of the lamina of the vertebrae—a bilateral defect which allows the fifth lumbar vertebra to be displaced forward some way". The compensation authorities found that the claimant's "disability resulted from a congenital spondylolisthesis of the back and did not result from an accident", and concluded that the claimant was not entitled to compensation "inasmuch as he was performing his usual, customary work and nothing happened which could be considered an accident".

It is well established that disability overtaking an employe at work is not compensable unless it is the result of an accident, and to constitute an accident there must be some untoward occurrence aside from

the usual course of events. A pre-existing condition or disease rendering a claimant more susceptible to injury does not necessarily defeat his right to compensation, but proof of the aggravation of a prior condition, in itself, is not enough; that fact does not give rise to an inference that its cause was accidental. There must be clear proof of an accident. *Adamchick v. Wyoming Val. Col. Co.*, 332 Pa. 401, 3 A. 2d 377; *Garver v. B. K. Elliott Co.*, 155 Pa. Superior Ct. 511, 38 A. 2d 533; *Aboud v. Aluminum Seal Co.*, 162 Pa. Superior Ct. 482, 57 A. 2d 706.

Claimant's doctor testified that because of his congenital condition the claimant had a "potentially weak back". He, also, testified: "Q. Now, doctor, is a man with that kind of a back more susceptible to injury than otherwise? A. Yes. Q. What may bring on a disability to a back of that kind? A. Well, ordinarily an excessive strain will cause it, or most frequently a lifting strain." Further, although stating that in his opinion claimant's disability resulted from his lifting the dome of the burial vault, he also testified that "It might have happened on a great many occasions when he lifted vaults". The claimant testified: "Q. On the date of the accident, August 16, you were doing the same type of work you had done for this company since the time of your employment with them? A. Yes, I was doing the same type of work. . . . Q. You say you felt something snap there, is that right? A. Yes . . . . Q. . . . Now you had previously lifted vaults of similar weight, had you not? A. Oh yes. Q. You had done similar work previously? A. Yes."

The claimant further testified that he "didn't slip" while lifting on the vault and a statement signed by him and introduced in evidence by the defendant, contained the following: "As we came up with vault, I felt something snap in my back. The thing didn't topple, I didn't lose my footing, slip or lurch, but some-

thing just seemed to give loose in my back." Consequently, the only testimony in the case relative to an unusual and unexpected happening, i.e., an accident, is that claimant felt something snap in his back. However, in *Rupchak v. Westinghouse Electric & Mfg. Co.*, 161 Pa. Superior Ct. 228, 54 A. 2d 309, in which the claimant testified that, as he was lifting a heavy pole, "something snapped" in his back, it was held in the circumstances as a matter of law that testimony of the claimant that "something snapped in his back" was insufficient to establish that his disability resulted from an accident.

The claimant tried to establish that a sudden weight was thrown upon him by reason of the fact that the man lifting opposite him was shorter than the claimant and that this caused his injury. However, this testimony was rejected by the fact-finders, as was their prerogative, and they concluded that "claimant was merely bearing a gradually increasing burden as the shorter man reached his maximum lift".

The facts in this case bring it within the ruling of *Mancuso v. Mancuso*, 150 Pa. Superior Ct. 22, 27 A. 2d 779. In that case the claimant, while doing his regular work, had placed several bags of cement weighing 94 pounds each on a truck. When he bent down to pick up the bottom one of these bags, in straightening up, he felt a tearing in his back. In denying liability, this Court, speaking through Judge, now President Judge, Rhodes, said at page 24: "Claimant's disability is not compensable unless the result of an accident in the course of his employment. Crispin v. Leedom & Worrall Co. et al., 341 Pa. 325, 328, 19 A. 2d 400. The burden was on claimant to show by competent evidence that his disability was accidental and not from natural causes or from the normal progress of his condition. Mooney v. Yeagle et al., 107 Pa. Superior Ct. 409, 415, 164 A. 82; Gausman v. R. T. Pearson Co., 284

Pa. 348, 354, 131 A. 247; Monahan v. Seeds & Durham et-al., 336 Pa. 67, 71, 6 A. 2d 889. It was for the board as the final fact-finding body to determine from all the evidence whether claimant had sustained the burden resting upon him, and its finding that he had not is a pure finding of fact. . . ." Here, as there (at page 25) : "Claimant is suffering disability from his present pathological condition, but . . . the record presented to us fails to establish that such disability is due to an accident sustained in the course of his employment rather than from the normal progress of his pre-existing physical condition."

"Where the triers of the facts refuse to find facts in favor of the party having the burden of proof, the question on review is not whether competent evidence would sustain such a finding if made, but whether there was a capricious disregard of competent evidence in the refusal so to find: Kline v. Kiehl, 157 Pa. Superior Ct. 392, 43 A. 2d 616." *Kostello v. Kostello,* 159 Pa. Superior Ct. 194, 196, 48 A. 2d 25. Here, the triers of the facts, the compensation authorities, refused to find facts in favor of the claimant who had the burden of proof, and our examination of the record discloses no "capricious disregard of competent evidence" by the compensation authorities in disallowing an award.

Order affirmed.