Lloyd E. Fox, Petitioner *v.* Workmen's Compensation Appeal Board and Eazor Express, Inc., Respondents.

Argued March 11, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

Clifford A. Rieders, with him Stuart, Murphy, Hager & Smith, for petitioner.

Raymond F. Keisling, with him Will & Keisling, for respondent.

OPINION BY JUDGE MENCER, May 12, 1977:

Lloyd E. Fox (claimant) filed, on March 14, 1974, a claim petition for workmen's compensation benefits in which he alleged that he sustained injuries in an accident occurring on October 17, 1972 while he was employed by Eazor Express, Inc. (Eazor). The workmen's compensation referee to which the case was assigned made findings of fact that the claimant did sustain a work-related injury while working for Eazor on October 17, 1972 and found as a conclusion of law that the claimant was entitled to compensation benefits. Consequently, the referee made an award order.

On appeal of the referee's order, the Workmen's Compensation Appeal Board (Board) reversed the referee's determination and dismissed the claim petition. This appeal followed and we affirm.

Our scope of review, where, as here, the party with the burden of proof prevailed before the referee and

the Workmen's Compensation Appeal Board took no additional evidence, is to determine whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact of the referee was unsupported by substantial evidence. *Mikalonis v. Workmen's Compensation Appeal Board,* 25 Pa. Commonwealth Ct. 166, 172-73, 361 A.2d 483, 487 (1976).

The claimant in a workmen's compensation case has the burden of establishing his right to compensation and of proving all necessary elements to support an award. One of the necessary elements is that the injury arose in the course of employment. Here the Board, acknowledging its awareness of our holding in *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), concluded that the referee's findings of fact that the claimant sustained a work-related injury while working for Eazor on October 17, 1972 were not supported by substantial competent evidence. On this record, we cannot imagine any other conclusion.

The claimant testified that he was off from work during the period of October 16, 1972 to November 11, 1972. Such testimony would seem to preclude a finding that claimant was injured in the employment of Eazor on October 17, 1972. In addition, the claimant testified that he was injured on April 29, 1972 when he slipped on some diesel fuel. The claimant, to corroborate that he was injured on April 29, 1972, introduced medical records that he was treated by Dr. Ruth Kull for a shoulder injury on April 29, 1972 and the testimony of his girl friend, Evelyn Fay, that she knew he had received a shoulder injury and accompanied him to Dr. Kull's office for treatment of the injury on April 29, 1972.

The only evidence indicating that the injury occurred on October 17, 1972 was an allegation in the

96

claim petition and the claimant's answer, that October 17 was the date of the incident, to a question asked him near the beginning of the referee's hearing. We cannot conclude that the Board erred or abused its discretion when it determined that this record does not contain substantial evidence that claimant was injured on October 17, 1972.

Without the crucial findings of fact that claimant had sustained a work-related injury on October 17, 1972, there were no findings to support the referee's legal conclusion that claimant was entitled to compensation benefits. Consistent with the foregoing, we make the following

ORDER

AND Now, this 12th day of May, 1977, the order of the Workmen's Compensation Appeal Board, dismissing the claim petition of Lloyd E. Fox, is hereby affirmed.