Pittsburgh Outdoor Advertising Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joseph F. Faulkner, Respondents.

Argued September 14, 1978, before Judges MENCER, DiSALLE and MacPHAIL, sitting as a panel of three.

*James R. Miller,* with him *Noble R. Zuschlag,* and *Dickie, McCamey & Chilcote,* for petitioner.

*Leonard P. Kane, Jr.,* with him *Fried, Kane & Walters,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE MACPHAIL, December 20, 1978:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision after remand which held the Valley Forge Insurance Company (Valley) and/or Pittsburgh Outdoor Advertising Company (Petitioner) responsible for benefits due Claimant under the provisions of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

Joseph F. Faulkner (Claimant) was accidentally injured on April 15, 1970, while in Petitioner's employ. In that accident, Claimant fell from the top of a truck while posting an advertisement at a billboard site and landed feet first on the concrete. Claimant sustained bilateral fracture of the os calsis (both heels). Petitioner's insurance carrier at that time was Pennsylvania Manufacturer's Association Insurance Company (Manufacturer's). Claimant executed an agreement for compensation with Manufacturer's and received benefits from that insurance carrier until April 28, 1972, when Claimant returned to work without loss of earning power.

On August 18, 1972, Claimant sustained another work-related injury when he tripped and fell onto a platform, thereby suffering a laceration of the right leg and an abrasion of the right knee. These injuries resulted in Claimant's receiving benefits from Valley

which was Petitioner's insurance carrier as of that date.

Claimant returned to work on April 9, 1973, without loss of earning power and executed a final receipt with Valley on April 16, 1973. Approximately one week after returning to work, Claimant suffered yet another work-related injury, a compression fracture of the T-6 vertebra. Petitioner's insurance carrier on the date of that accident was also Valley. Claimant ceased working entirely on May 15, 1973, and has not returned.

On September 17, 1973, Claimant filed a claim petition on the accident which occurred April 17, 1973, a petition to set aside the final receipt regarding the 1972 accident and a modification petition regarding the 1970 accident. The referee granted all three petitions and assessed compensation on a pro-rata basis against both insurance carriers because he concluded that all three accidents contributed to Claimant's current total disability.

Both insurance carriers and the Petitioner appealed the referee's decision to the Board, whereupon the Board remanded the referee's decision for further findings and a determination of which *one* of the insurers was liable. Thereafter, the referee, without any additional evidence, held that the Claimant became totally disabled on May 16, 1973, as the result of injuries he sustained on April 17, 1973. Since Valley was the insurance carrier on that date, he directed that benefits due the Claimant should be paid by the Petitioner and/or Valley. The Board affirmed the referee's award and determination of liability.

In a workmen's compensation case, this Court's scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or a necessary finding of fact was unsupported by substantial evidence. *Royal Factories,*

*Inc. v. Garcia,* 17 Pa. Commonwealth Ct. 59, 330 A.2d 864 (1975).

The Petitioner has limited this appeal to the sole issue of whether the findings of the referee are supported by competent substantial evidence. *See Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Petitioner contends that there is not sufficient substantial evidence in the record to sustain the referee's finding that Valley should be responsible for the payments due the Claimant to the exclusion of Manufacturer's.

The issue then is narrowed to the question of whether there was substantial evidence to support the referee's finding that the Claimant became totally disabled on May 16, 1973, as the result of work-related injuries received on April 17, 1973.

To support the disputed finding, the referee had the deposition of one medical witness and the testimony of another. Both medical witnesses agreed that the Claimant was totally disabled as of the date of their respective examinations. Both agreed that the 1973 injury resulted in a compressed fracture of the T-6 vertebra. Dr. Pifer testified that he examined the Claimant for the first time on January 21, 1975. He said that the second fall aggravated the Claimant's problems suffered in the first one, that the back injury sustained in 1973, *may* not have been totally disabling in and of itself, but by the same token he could not say that the Claimant's feet injuries, absent the back injury, would have been totally disabling. However, he was firm in his opinion that the combination of the back injury and the feet injuries made it impossible for the Claimant to continue to work.

Claimant's physician, Dr. Wycoff, testified by deposition that the compressed fracture of the vertebra would not have healed for at least six months, but

that beyond that time the back disability continued since the Claimant still complained of back discomfort. Also, he testified that the Claimant's back problem is not due solely to the 1973 accident, but that his continuing back problem is *a* cause of his present total and permanent disability.

While there is little doubt that some portion of Claimant's present disability may be attributable to the 1970 injury, the referee's finding of total disability is validly premised on the basis that (1) the 1973 injury was disabling (2) the 1972 injury was an aggravation of the 1970 injury and (3) the Claimant's present total disability is due to the back injury which, when the fracture healed, nevertheless, so aggravated the Claimant's previous physical condition as to cause Claimant's present disability. That such a conclusion is not only logical but valid is borne out by the fact that Claimant returned to work after the 1970 injury. He returned to work after the 1972 injury. However, after the 1973 injury he could not return to work. Therefore, it was his 1973 injury that rendered him totally disabled.

Section 301(c) of Article III of the Act provides that:

The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, *regardless of his previous physical condition,* arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury. . . . (Emphasis added.)

Since Valley was the insurance carrier of record on the date of the Claimant's last accident, it is properly chargeable, for the reasons above set forth, with the compensation benefits due the Claimant.

ORDER

AND Now, this 20th day of December, 1978, the order of the Workmen's Compensation Appeal Board, dated June 3, 1977, is affirmed. It is ordered that judgment be entered in favor of Joseph F. Faulkner and against Pittsburgh Outdoor Advertising Company and its insurance carrier, Valley Forge Insurance Company, at the rate of $100.00 per week for the period beginning May 16, 1973, and continuing thereafter in accordance with the provisions of the Workmen's Compensation Act. Accrued compensation shall bear interest at the rate of 10 per centum per annum.