409 A.2d 367

**Victoria Bertini HALASKI, Appellant,**

**v.**

**HILTON HOTEL and Workmen's Compensation Appeal Board.**

Supreme Court of Pennsylvania.

Argued Sept. 17, 1979.

Decided Dec. 21, 1979.

Thomas P. Geer, Pittsburgh, for appellant.

Raymond F. Keisling, Pittsburgh, for Allstate.

Eugene F. Scanlon, Jr., Pittsburgh, for CNA Ins. Co.

James Miller, Pittsburgh, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

NIX, Justice.

The complete record in this case consists of the testimony of the claimant-appellant and her medical witness. The evidence established that Mrs. Halaski was employed by the Hilton Hotel in Pittsburgh for over sixteen years. On

October 15, 1973, while serving as a pantry girl, appellant was standing on a chair pouring orange juice when the chair slipped, causing her to fall to the floor. As a result, she sustained an injury to her back and received total disability compensation from October 16, 1973 to January 24, 1975. On February 10, 1975, the employer filed a termination petition alleging that Mrs. Halaski recovered from the injury and was able to return to work as of January 24, 1975. The referee entered a decision on September 16, 1975, ruling that all disability from the October 15, 1973 incident terminated as of April 18, 1975.

Mrs. Halaski returned to work at the Hilton Hotel in December, 1975 and continued to work until March, 1976. On March 8, 1976 while performing her duties in the kitchen of the hotel, she was struck by a food truck pushed by a fellow employee and was knocked to the floor. She testified that on this occasion she heard a snapping sound in her back. Because of the pain she was forced to leave work early and went to the hospital the day of the incident for treatment. After Mrs. Halaski remained home for two weeks, she was advised by her doctor to attempt to return to work. She was able to work for only one week before the pain caused her to return for further medical attention. Since that time the appellant has not returned to work.

On March 17, 1976, appellant filed a petition to reinstate the previous order for disability payments. This petition was dismissed by the referee on the basis that she "failed to show that her present disability [was] a result of her injury of October 15, 1973." Appellant also petitioned for compensation for injuries arising from the March 8, 1976 incident. The same referee who decided the reinstatement claim denied benefits under this claim because, "claimant failed to produce credible testimony that she sustained a compensable injury on March 8, 1976." The orders of the referee were affirmed by the Workmen's Compensation Appeal Board and the Commonwealth Court. We allowed this appeal.[1]

1. Jurisdiction over this appeal is pursuant to 42 Pa.C.S.A. § 724 (1979 Pamphlet).

During her Workmen's Compensation hearing, appellant called Samuel Sherman, M.D., as her medical witness. Dr. Sherman's qualifications as a physician in occupational medicine and rehabilitation were stipulated to by the parties. The Doctor testified that he first examined Ms. Halaski on August 12, 1976 and thereafter began a course of treatment. Dr. Sherman's examination uncovered a chronic compression fracture in the area of the 12th vertebra which was confirmed by x-rays made after the March 8, 1976 incident. In response to the inquiry as to which of the two injuries caused the compression fracture, the Doctor responded:

> Well, she had two injuries. And I honestly can't tell you which of these injuries caused the compression fracture, which is an objective finding. But when she described this snapping in her back at the time of the second injury on March 8, 1976, I certainly would have to feel this may have been the precipitating cause, but honestly can't say.

■ In a claim for compensation under the Pennsylvania Workmen's Compensation Act, Act of June 21, 1939, P.L. 520 § 1, *et seq., as amended,* 77 P.S. § 1 *et seq.* (1952), the claimant has the burden of establishing the right to compensation and all of the elements necessary to support an award. *See Velardi v. Page's Department Store,* 464 Pa. 276, 282, 346 A.2d 556, 558 (1975); *Fox v. W.C.A.B.,* 30 Pa.Cmwlth. 93, 95, 373 A.2d 141 142 (1977).[2] The Commonwealth Court relied on the rule that where no obvious relationship exists between an injury and work activity said to be its cause, unequivocal medical testimony is necessary to establish the causal connection. Based upon this premise, the court found that the medical testimony was equivocal because the doctor was unable to definitely state which of

2. The proper test for legal sufficiency of medical testimony is:
 . . . the expert has to testify, not that the condition of claimant might have, or even probably did, come from the [injury], but that in his professional opinion the result in question came from the cause alleged. A less direct expression of opinion falls below the required standard of proof and does not constitute legally competent evidence.
 *Menarde v. Philadelphia Transportation Co.,* 376 Pa. 497, 501, 103 A.2d 681, 684 (1954).

the two injuries caused the compressed fracture. Although we accept the general validity of the rule, we find that its application to the instant factual situation is inappropriate.

With the deletion of the requirement of a finding of an "accident,"[3] a claimant's right of recovery is dependent upon the successful establishment that the injury occurred in the course of employment and is related thereto. *Firestone Tire & Rubber Co. v. W.C.A.B.,* 40 Pa.Cmwlth. 142, 396 A.2d 902, 904 (1979); *W.C.A.B. v. U.S. Steel,* 31·Pa.Cmwlth. 329, 331–33, 376 A.2d 271, 273 (1977). Thus if the injury of March 8, 1976 caused the resulting disability, appellant would clearly have been entitled to compensation under the Act. Moreover, in cases where a pre-existing ailment or condition is a factor, the claimant is entitled to recovery if he or she can establish by competent medical evidence that the disability resulted from the new injury, and not from the normal progress of the pre-existing physical defect. *See, W.C.A.B. v. Western Packers,* 22 Pa.Cmwlth. 598, 350 A.2d 194 (1976); *W.C.A.B. v. A. R. Bar, Inc.,* 22 Pa.Cmwlth. 609, 349 A.2d 805 (1976); *W.C.A.B. v. State Workmen's Insurance Fund,* 19 Pa.Cmwlth. 605, 339 A.2d ,158 (1975). The fact that an employee was afflicted with a pre-existing physical defect or ailment which rendered him or her more

**3.** Under former law, claimant's right of recovery was dependent upon a finding that there had been an accident which resulted in the claimed disability. Over the years the term "accident" became a term of art acquiring connotations somewhat different from the meaning of that word as used in common parlance. *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975). Previously, an "accident" was found to have occurred where there was: (1) a sudden unexpected traumatic event, which is the normal use of the term; (2) an unusual exertion in the course of work causing unexpected and sudden injury; (3) an unusual pathological result of an · ordinary condition of work; or (4) a sudden and unexpected injury caused by the failure of an employer to furnish medical care to an employee. *Puher v. U.S. Steel Corp.,* 18 Pa.Cmwlth. 278, 335 A.2d 854 (1975).

In 1972 the Act was amended to provide for compensation for all injuries suffered in the course of employment, thus eliminating the requirement of proof of an accident. *See* Act of March 29, 1972, P.L. 159, No. 61, § 11, *as amended,* 77 P.S. § 431. Since the effective date of this amendment was May 1, 1972, all of the events in this lawsuit are controlled thereby.

susceptible to injury than an entirely normal person will not bar recovery.[4] *Updegraff v. Pa. Game Commission,* 163 Pa.Super. 112, 60 A.3d 605 (1948). *Lackner v. Pierre, Inc.,* 120 Pa.Super. 50, 181 A. 845 (1935).

 The injury need not be the sole or exclusive cause of the disability. It is sufficient if the injury materially contributed to the disability, rather than the disability resulting from the natural progress of the pre-existing condition. *Euker v. Welsbach Street Lighting Co.,* 149 Pa.Super. 78, 25 A.2d 758 (1942); *Byars v. Howard Cleaners, Inc.,* 109 Pa.Super. 406, 167 A. 483 (1940).

It is also significant that in this case the original injury was in the course of employment with the same employer. Despite the fact that a prior compensable injury renders a claimant particularly susceptible to harmful effects of later injuries, this jurisdiction awards compensation for subsequent injuries to the same portion of the body. *Gallagher v. Hudson Coal Co.,* 117 Pa.Super. 480, 178 A. 161 (1935); *Carey v. Wiedlandt & Co.,* 100 Pa.Super. 220 (1930). Thus, if the March 8, 1976 injury aggravated the pre-existing condition caused by the October, 1973 injury or the October, 1973 injury created a condition that caused appellant to be particularly susceptible to the subsequent injury, she would be entitled to compensation for the resulting disability.

 The Workmen's Compensation Act has vested the referee with broad discretion in assessing the credibility of witnesses and making findings of fact. *See* 77 P.S. § 833; *Harman Coal Co. v. Dunmyre,* 474 Pa. 610, 379 A.2d 533 (1977); *American Refrigerator Equipment Co. v. W.C.A.B.,* 31 Pa.Cmwlth. 590, 595, 377 A.2d 1007, 1010 (1977). Where

4. 77 P.S. § 411 provides:
 (1) The terms "injury" and "personal injury", as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury . . ..
 *See, Pittsburgh Outdoor Advertising Co. v. W.C.A.B.,* 39 Pa.Cmwlth. 338, 395 A.2d 648 (1978).

the decision has been rendered against the party shouldering the burden of proof, our scope of view is limited to "a determination of whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence" in finding that the appellant had not established her entitlement to an award.

The undisputed record reflects that appellant has suffered a compression fracture of the spine causing disability.[5] It is also undisputed that any disability flowing either from the 1973 injury or the 1976 injury would be compensable, since both injuries arose in the course of employment and were related thereto. Finally, although the medical evidence could not identify with certainty which of the two injuries produced the subsequent liability, it is clear that one or the other, or possibly a combination of the two, was responsible.

In conclusion, since the medical testimony unequivocably established that the disability flowed from one of two compensable injuries, we cannot accept the result that the claim must fail because of the claimant's inability to unequivocably establish which injury was the cause.[6] Although additional testimony will be required to ascertain which carrier might be responsible,[7] we are satisfied that appellant on the

---

5. On the petition to reinstate workmen's compensation payments, the referee found, "After a careful review of Dr. Sherman's testimony, this referee finds that Dr. Sherman failed to show any causal relationship between her disability and the injury of October 15, 1973." On the petition asserting entitlement to workmen's compensation payments on the basis of a new compensable injury, the referee found that "Dr. Sherman . . . failed to state that the claimant's disability was related to the alleged injury of March 8, 1976." Together, these two findings exhibit that the referee acknowledged that the claimant was disabled.

6. There is no evidence in the record or any contentions by the appellee that claimant's disability originated from a non-work source.

7. In this case, Hilton Hotel was insured by CNA Insurance Company during the 1973 accident, and was insured by the Allstate Insurance Company during the 1976 injury. If the Court recognizes that the claimant suffered a work-related injury, and the only issue involved is the liability between two carriers, 77 P.S. § 751 provides for immediate payments to be made to the claimant. After a final

instant record has established her right to an award.[8]

Accordingly, the order of the Commonwealth Court affirming the decision of the Workmen's Compensation Appeal Board and the orders of the referee is reversed, the order of the Workmen's Compensation Appeal Board and the orders of the referee are vacated, and the petitions are remanded to the referee for further proceedings consistent with this opinion.

MANDERINO, J., did not participate in the decision of this case.

determination is made, the carrier found liable must reimburse the non-liable carrier.

77 P.S. § 751 provides in part:

Whenever any claim for compensation is presented and the only issue involved is the liability as between the defendant or the carrier or two or more defendants or carriers, the referee of the department to whom the claim in such case is presented shall forthwith order payments to be immediately made by the defendants or the carriers in said case. After the department's referee or the board on appeal, render a final decision, the payments made by the defendant or carrier not liable in the case shall be awarded or assessed against the defendant or carrier liable in the case, as costs in the proceedings, in favor of the defendant or carrier not liable in the case.

8. On remand, further testimony is required to determine the nature and length of Ms. Halaski's disability.