Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board *v.* Leon Clark, Appellant.

Argued December 4, 1975, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Laurence D. Mass,* for appellant.

*Kenneth F. Carobus,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, January 5, 1976:

Leon T. Clark, a former employee of the Liquor Control Board with the Civil Service classification of clerk, regular status, has appealed from an Amended Order of the State Civil Service Commission made March 3, 1975. The sole remaining issue is whether Clark is entitled to the salary he would have earned between September 5, 1974, when he was suspended, and October 4, 1974, when he was removed from his employment.

On September 5, 1974, the Liquor Control Board notified Clark in writing that he was suspended from his position as of that date, "pending an investigation of the charge involving suspected misappropriation of Commonwealth's funds." Clark did not appeal the suspension to the Civil Service Commission. On October 4, 1974, the Liquor Control Board notified Clark in writing of his removal from the classified service for misappropriation

of money and violation of sales procedures. Clark appealed this action to the Commission. After hearing, at which substantial evidence supporting the charges contained in the October 4, 1974 notice was received, the Commission by order made January 6, 1975 dismissed Clark's appeal. However, by the same order the Commission directed the Liquor Control Board to reimburse Clark for salary and benefits for the period from September 5, 1974 until October 4, 1974. The Adjudication reveals that the basis for the Commission's direction of reimbursement was its belief that Clark was relieved from duty by the Board on September 5, 1974 without formal action suspending him.

The Commission's Adjudication and Order of January 6, 1975 was not appealed by either party. However, the Personnel Director of the Pennsylvania Liquor Control Board by letter dated January 23, 1975 addressed to the Chairman of the Commission pointed out that formal action to suspend Clark had been taken by the Board by its letter of September 5, 1974 which was in the record. It seems clear that neither Clark nor counsel who had represented him before the Commission was provided a copy of the Personnel Director's letter or knew that it had been sent. The Commission, without advance notice to Clark or his counsel, entered a Supplemental Adjudication and Amended Order on March 3, 1975, deleting from its January 6, 1975 order the direction that Clark be paid from September 5 until October 4, 1974.

Clark argues that the suspension notice of September 5, 1974 was fatally lacking in specificity and that the Commission's Amended Order should be set aside and its first Order reinstated for this reason. Since, however, he did not appeal from the suspension, he cannot now complain of irregularities in that action. The Amended Order appealed from cannot, however, stand because the Commission had no power to make a substantive change of its January 6, 1975 final order almost two months later

in response to the ex parte importunity of the Liquor Control Board's Personnel Director. The Liquor Control Board could have, but did not, appeal the January 6, 1975 order to this Court; or it could have, but did not, petition the Commission for reconsideration pursuant to Rule of Administrative Practice and Procedure, 1 Pa. Code §35.241. We find nothing in the Civil Service Act,[1] the Rules of Civil Service Commission (to be found at 4 Pa. Code, §105.1 et seq.), or in any other provision of law, which authorizes the Commission's action. Not only was the amendment beyond the Commission's power to make in these circumstances, the procedure employed in its promulgation violated Clark's right to procedural due process. See *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 96, 309 A.2d 165, 168 (1973).

### ORDER

And now, this 5th day of January, 1976, it is ordered that the Supplemental Adjudication and Amended Order of the State Civil Service Commission made March 3, 1975 be and the same hereby is set aside; and that the Commission's Order of January 6, 1975 be and the same hereby is reinstated.

---

1. Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.1.