Pennsylvania Liquor Control Board *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Pennsylvania Liquor Control Board, Appellant.

96

Argued December 9, 1976, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Harry Bowytz, Chief Counsel,* with him *James P. Deeley,* Assistant Attorney General, for appellant.

*Susan Shinkman,* Assistant Attorney General, with ner *Sydney Reuben,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 18, 1977:

The Pennsylvania Liquor Control Board (employer) has appealed from the decision of the Unemployment Compensation Board of Review (Board). The Board had reversed a referee's decision which denied

benefits to the claimant, and had ordered that benefits be allowed.

The claimant was discharged for misappropriating Commonwealth funds, and this discharge was affirmed by the Civil Service Commission.[1] When the claimant applied for unemployment compensation benefits, the employer challenged his eligibility citing Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which provides, *inter alia,* as follows:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

The Bureau of Employment Security (Bureau) denied benefits and, after a hearing, the referee affirmed that denial, finding that the claimant had been guilty of willful misconduct. The claimant appealed to the Board which, after reviewing the evidence, found that the "claimant did not misappropriate Commonwealth funds or violate sales procedure," reversed the referee, and granted benefits. This appeal followed.

It was the employer's burden to prove that the discharged employee was guilty of willful misconduct, *Unemployment Compensation Board of Review v. Bacon,* 25 Pa. Commonwealth Ct. 583, 361 A.2d 505

---

[1] The Civil Service Commission's adjudication, insofar as it affirmed the dismissal, was not appealed, although an element of the adjudication was the subject of a later appeal to this Court in *Liquor Control Board v. Clark,* 22 Pa. Commonwealth Ct. 495, 349 A.2d 809 (1976).

(1976), and where, as here, the Board's decision is against the party with the burden of proof, our scope of review is limited, in the absence of fraud or an error of law, to a determination of whether or not the findings of fact are consistent with each other and with the Board's conclusion of law, and whether or not the Board's order can be sustained without a capricious disregard of competent evidence. *Unemployment Compensation Board of Review v. Patsy,* 21 Pa. Commonwealth Ct. 341, 345 A.2d 785 (1975).

Because misappropriation of funds clearly would constitute willful misconduct, *Unemployment Compensation Board of Review v. Houp,* 20 Pa. Commonwealth Ct. 111, 340 A.2d 588 (1975), the only issue presented here is whether or not there was substantial evidence to support the Board's finding.

It is clear that "the Board has the express power to affirm, modify, or reverse the determination of the referee on the basis of evidence previously submitted in [a] case . . . and that the Board is the ultimate fact-finding body empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded the evidence." *Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 639, 347 A.2d 328, 329 (1975). (Citations omitted.)

The employer presented testimony and introduced into evidence the transcript of the hearing before the Civil Service Commission in support of its charge of willful misconduct. The claimant, by his own testimony, attempted to rebut the employer's evidence, and he denied the charges. Simply stated, the situation here is that the Board did not believe that the employer's testimony and evidence established that the claimant had misappropriated funds, and the employer, therefore, can be said to have failed to sustain its

burden of proof. The claimant's denial of the charges is substantial evidence[2] which the Board could have believed and here, in fact, did choose to believe in making its crucial finding. *Lebanon County Board of Assistance v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 558, 332 A.2d 888 (1975).

We, therefore, affirm the order of the Board.

ORDER

AND Now, this 18th day of February, 1977, the order of the Unemployment Compensation Board of Review, dated December 2, 1975, is affirmed.

---

[2] Evidence is substantial when a reasonable man, acting reasonably, could base a conclusion thereon. *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975).