Norma Kubiak, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued March 10, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Robert A. Solomon,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Daniel R. Schuckers,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, March 28, 1977:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits to appellant on the grounds that she voluntarily left work "without cause of a necessitous and compelling nature."[1] We affirm.

Appellant's home was destroyed by fire on November 14, 1974. As a result, appellant suffered emotional upset and a great deal of emotional stress, which caused her to be absent seven days from the job she had performed satisfactorily for nearly seven years. Upon her return to work, appellant believed that her supervisor subjected her to harassment, humiliation, and physical and mental stress. Allegedly,

---

[1] Pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

the supervisor immediately assigned her extra duties, questioned the need for her time off and denied her request for sick pay, reprimanded her in front of her fellow employees, and desired her to quit so that an alleged personal friend of the supervisor's could have her job.[2]   On December 13, 1974, appellant voluntarily terminated her employment without requesting either a transfer in her work assignment or a medical leave of absence.   Her claim for benefits was denied by the Bureau of Employment Security and by a referee, who found that the appellant had left her job merely as a result of a personality conflict and dissatisfaction with her working conditions.   On appeal, the Board remanded the case and a second hearing was held, at which conflicting testimony was presented.   The Board affirmed the referee's decision.   This appeal followed.

Appellant claims that the supervisor's alleged insensitivity toward her physical and emotional conditions created a necessitous and compelling reason for her voluntary termination.   We cannot agree.   The Board weighed the conflicting testimony and found specifically that the appellant had not been subjected to harassment, humiliation, extra duties, or physical and mental stress.   Such findings are supported by the requisite substantial evidence.   Additionally, "employees feeling unable to perform the duties of their job assignment are required to make a reasonable effort to preserve their employment by requesting work compatible with their condition," as pointed out by Judge ROGERS in *Nedd v. Unemployment Compensation Board of Review*, 24 Pa. Commonwealth Ct. 514, 516, 357 A.2d 268, 269 (1976).   Here, appellant admitted

[2] Both the denial of sick pay and the public reprimand were allegedly contrary to the policy of the employer and the practice of the supervisor respectively.

that she sought neither a transfer nor a medical leave of absence.

Accordingly, we will enter the following

ORDER

Now, March 28, 1977, the order of the Unemployment Compensation Board of Review in No. B-131080, dated April 21, 1976, is hereby affirmed.