Commonwealth of Pennsylvania and William A. Cherry, Jr., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Jones & Laughlin Steel Corp., Respondents.

Argued September 16, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Mary Ellen Krober,* Assistant Attorney General, for petitioner, Commonwealth.

*Raymond F. Keisling,* with him *Will & Keisling,* for respondent.

OPINION BY JUDGE WILKINSON, JR., October 5, 1977:
The Commonwealth has appealed to this Court from an order of the Workmen's Compensation Appeal Board (Board) dated October 6, 1976. That order, issued by the Board on its own motion, without a petition for rehearing and without granting any of the parties involved a further opportunity to be heard, vacated a prior order of the Board dated September 10, 1976. We find it necessary to set aside the second order of the Board and reinstate its initial holding.

On January 6, 1975, the claimant filed a petition for compensation under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §711, alleging total disability due to black lung disease. An evidentiary hearing was held before the Referee on August 13, 1975. On April 15, 1976, the Referee awarded compensation to the claimant as of July 26, 1975. This compensation was set at a rate of $114.00 per week, with the Commonwealth ordered to pay 25 percent, and the employer 75 percent.

Both the Commonwealth and the employer appealed to the Workmen's Compensation Appeal Board from the Referee's order. The Commonwealth appealed only the amount of compensation awarded, arguing that it was in excess of the applicable maximum rate. The employer, on the other hand, appealed not only the amount of compensation awarded, but also argued the apportionment between the employer and the Commonwealth was incorrect and that the claimant's medical evidence was insufficient.

Following an argument heard on July 14, 1976, on September 10, 1976, the Workmen's Compensation Appeal Board issued an order which sustained the Commonwealth's appeal, and lowered the rate of compensation to $106.00 per week. The Referee's decision was upheld in all other respects. No appeal was taken by the employer from this order.

On October 6, 1976, the Board issued a second order which vacated its order of September 10, and which stated that "this case is remanded to the Referee to correct the amount of payments and determine the date of disability. Thereafter the Referee is to make new and appropriate findings, conclusions and disposition." It is from this second order that the Commonwealth has appealed to this Court, asking that we set aside the October 6, 1976 order, and reinstate the order of September 10, 1976.

Before reaching the issues of law directly involved in this case, it should be noted that the employer has in his brief raised certain allegations concerning events which occurred outside the record in this case. These include the statement that at argument before the Board all parties were advised that an order would be issued remanding the case to the Referee, and that no briefs need be filed in the case. The employer further relies on its letter, dated September 15,

1976, which was sent by its counsel to the Workmen's Compensation Appeal Board, and copies of which were sent to counsel for the other parties. This letter advised the Board of the statements allegedly made at oral argument, and asked when an amended order would be written. The letter apparently prompted the issuance of the amended order by the Board.

In reaching our decision, we cannot consider allegations as to statements made outside the record. We are bound by, and must follow, the record as it has been developed in this case. Therefore, we cannot take into consideration the statements allegedly made by the Board members during the argument before them.

With respect to the letter of September 15, 1976, it cannot be considered as a substitute for either a motion for reconsideration, or an appeal. It could not be relied on by the Board as a basis for the issuance of an amended order on its own motion. This result is controlled by our decisions in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973), and *Pennsylvania Liquor Control Board v. Clark,* 22 Pa. Commonwealth Ct. 495, 349 A. 2d 809 (1976).

In *Kentucky Fried Chicken* we held that an administrative agency may on its own motion correct certain obvious errors supported by the record. These included typographical, clerical and mechanical errors, as well as undisputed factual errors and factual misconceptions. We further held, however, that an agency could not, consistent with procedural due process, reverse itself on the substantive issues involved absent a petition for reconsideration or the granting of an opportunity to be heard. In this case, the Amended Order of the Board clearly constituted a substantive change. We cannot accept the employer's claim

that it was merely an administrative correction of a typographical error.

Our decision in this case is further supported by the *Clark* case. In that case, the Civil Service Commission (Commission) had, on its own motion, issued an amended order denying Clark, a suspended employee of the Pennsylvania Liquor Control Board (PLCB), salary and benefits during the period of his suspension. The Commission's original order, dated some two months earlier, had affirmed the dismissal of Clark, but awarded him salary and benefits for the period of his suspension. None of the parties had appealed the Commission's original order, nor had they petitioned for reconsideration. Rather, the Commission's action in making the amended order was based solely on a letter sent to them by the Personnel Director of the PLCB following the issuance of the original order.

In a decision vacating the amended order and reinstating the original order, Judge ROGERS stated that "the Commission had no power to make a substantive change of its January 6, 1975 final order almost two months later in response to the ex parte importunity of the Liquor Control Board's Personnel Director." *Clark, supra*, 22 Pa. Commonwealth Ct. at 497-98, 349 A.2d at 810. The PLCB could have appealed the original order, or it could have petitioned for reconsideration. Since it did not do so, it was bound by the original order. The same is true here. There is a need for finality in administrative adjudications, and this result cannot be achieved if administrative agencies may on their own motion or in response to ex parte requests, substantively amend previously issued orders.

Both parties have raised the issue of whether the Workmen's Compensation Appeal Board, in its Amended Order of October 6, 1976, exceeded the scope

of its authority in remanding the case back to the referee. Since we have already decided that this Amended Order is to be set aside, we have no need to reach this further issue.

Accordingly, we will enter the following

ORDER

Now, October 5, 1977, it is ordered that the Amended Order of the Workmen's Compensation Appeal Board, No. A-71434, dated October 6, 1976, be and the same is hereby set aside and that the Board's order of September 10, 1976 be and the same hereby is reinstated. It is ordered that judgment be entered in favor of the Claimant, William A. Cherry, Jr., and against the Defendants, Jones and Laughlin Steel Corporation, self-insured, and the Commonwealth of Pennsylvania, directing that compensation be awarded to the Claimant at the rate of $106 per week commencing July 26, 1975, continuing into the indefinite future until such time that disability changes in nature or extent or ceases and terminates.

Compensation awarded shall be paid jointly with the Defendant, Jones and Laughlin Steel Corporation, paying 75 percent or $79.50 per week and the Commonwealth of Pennsylvania, Department of Labor and Industry, Occupational Injury and Disease Fund, paying 25 percent or $26.50 per week.

Interest is payable on all deferred payments of compensation at the rate of ten percent per annum in accordance with Section 406.1 of the Act.

Compensation, to the Claimant, shall be paid pursuant to Rule 121.21(b) of the Bureau of Occupational Injury and Disease Compensation.

Attorney fees in the case are waived. Claimant is a member of U.M.W.A.