John Barni, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 5, 1977, before President Judge Bowman and Judges Crumlish, Jr. and Blatt, sitting as a panel of three.

*John Barni,* petitioner, for himself.

*William J. Kennedy,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, February 14, 1978:

John Barni (claimant) has filed a petition for review of a decision of the Unemployment Compensation Board of Review (Board) denying him benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), which declares anyone who voluntarily quits his job to be ineligible for benefits.

The claimant last worked for the Borough of Marion Heights as a secretarial assistant until April 30, 1976, on which date he left his job. Claimant thereupon filed an application for benefits; which application was denied by the Bureau of Employment Security (Bureau) and a referee. On appeal to the Board, this decision was affirmed. However, for reasons unexplained in the record, claimant received two benefit checks before the Bureau formally denied his claim. This may have come about because claimant's only coverage as an employee of a local government was under the Special Unemployment Assistance Program, Title II of the Federal Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304, which funded such benefits but made eligibility subject to the applicable state law.

Both the referee and the Board founded their decision upon claimant's failure to notify his employer that he suffered from hypertension and vascular disease, which, pursuant to doctor's orders, allegedly required him to leave his position.

Claimant's position is that since he received benefits for two weeks, and the employer did not appear to contest his claim at any administrative level, the payments should never have been suspended and must now be continued.

Claimant has failed to disclose to us, and we have been unable to discover, any precedent for this position. One who voluntarily terminates his employment assumes the burden of proving the necessitous and compelling nature of his termination. *Baird v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 118, 121, 372 A.2d 1254, 1256-57 (1977). When addressing an appeal from a Board decision against the party with the burden of proof, our scope of review is limited to determining whether the Board's findings and conclusions are consistent, and whether they can be sustained without a capricious disregard of competent evidence. *Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 95, 98, 368 A.2d 1369, 1370-71 (1977).

The Board concluded, with substantial support in the record from both the claimant and the employer, that the claimant voluntarily terminated his employment without any notice or reason to his employer, and without any prior requests for a leave of absence or transfer to other work. "[E]mployees feeling unable to perform the duties of their job assignment are required to make a reasonable effort to preserve their employment by requesting work compatible with their condition." *Nedd v. Unemployment Compensation Board of Review,* 24 Pa. Commonwealth Ct. 514, 516,

357 A.2d 268, 269 (1976); *see also Grimes Poultry Processing Corp. v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 542, 545, 377 A.2d 209, 211 (1977); *Kubiak v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 421, 423, 371 A.2d 257, 258 (1977); *see and compare Deiss v. Unemployment Compensation Board of Review,* Pa. , A.2d (1977).

As claimant failed to take this necessary action, we must affirm the order of the Board denying him benefits.

ORDER

Now, February 14, 1978, the order of the Unemployment Compensation Board of Review is affirmed, and the appeal of John Barni is hereby dismissed.