Cathy L. Rudy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 16, 1979, before Judges MENCER, DISALLE and CRAIG, sitting as a panel of three.

*Marian E. Frankston,* with her, *Philip F. Mc-Clelland,* for petitioner.

*Gary Marini,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General.

OPINION BY JUDGE CRAIG, January 22, 1980:

Claimant Cathy Rudy appeals from the Unemployment Compensation Board of Review's determination that she was ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1)[1] because her voluntary termination from H & T Enterprises, where she had been employed for seven months as a massage attendant, was without necessitous and compelling cause.

The board expressly found that claimant voluntarily quit her job because she believed that she was being subjected to physical abuse and harassment by the customers of the employer. However, the board found that claimant had not produced credible testimony concerning any one incident involving physical abuse or harassment or hazardous work conditions.

The credibility of the witnesses and the weight to be given their evidence is a question for the referee and the board, and not for this reviewing court. *Martin v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978).

However much we might prefer to hold that *any* dissociation from this kind of enterprise is justified

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended.*

by necessitous and compelling cause, we cannot do so without testimony deemed credible by the factfinder.

After reading the record carefully, we cannot conclude that the board capriciously disregarded competent evidence *Stevens v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 242, 403 A.2d 221 (1979); because this court may not review the board's determination as to the claimant's credibility, we must affirm the order of the board denying claimant compensation.[2]

---

[2] Although the outcome of this case is directed by the board's determination that claimant's testimony was not credible, the board's other basis for its decision warrant some discussion.

The board's determination that, as a matter of law, claimant's job was not so hazardous as to constitute necessitous and compelling cause for termination was based in part on the following conclusions: (1) claimant knew at the time of hiring about the conditions of the job; (2) claimant performed her duties for seven months; and, (3) the employer held weekly meetings on how to control and handle the customers. . . .

Alone or in combination, those three findings do not support the board's determination. First, the record substantially supports claimant's present claim that her previous experience with another massage parlor—where security guards and two-way mirrors served to establish the attendant's safety—did not prepare her for employment at H & T Enterprises, where no such security measures were available.

That claimant remained on the job for seven months, in the face of the hazards claimed by her, does not necessarily support the board's conclusion that her job was not hazardous. The law requires that a claimant attempt to maintain the employment relationship. *Barni v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 588, 382 A.2d 505 (1978). It is not unreasonable per se for claimant to have maintained her employment relationship for seven months, where, as she testified, incidents of alleged violence occurred "only once or twice a month."

Finally, the fact that the employer held weekly meetings, where one of the topics discussed was the control and handling of dissatisfied customers, does not support the board's conclusion that claimant's job was not hazardous.

## ORDER

AND Now, this 22nd day of January, 1980, the order of the Unemployment Compensation Board of Review, No. B-164546 dated September 29, 1978 is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.