Leaseway Systems, Inc. and CNA/Insurance, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Jose Beccerra, Respondents.

Argued June 5, 1980, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Roger B. Wood, Harvey, Pennington, Herting and Renneisen, Ltd.,* for petitioners.

*Martin J. Fallon, Jr., Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE MACPHAIL, August 20, 1980:

Leaseway Systems, Inc. and CNA/Insurance (Petitioners) appeal to this Court from an order of the Workmen's Compensation Appeal Board (Board) awarding compensation benefits to Jose Beccerra[1]

---

[1] The record in this case contains Claimant's name spelled "Becerra" and "Beccerra." We adopt the latter spelling since that version appeared on the petition for review to this Court.

(Claimant). Petitioners raise two issues for our consideration: the validity of a compensation agreement entered into between Petitioners and Claimant and the adequacy of the referee's findings of fact. For the reasons which follow, we affirm the order of the Board in part, reverse it in part, and remand this matter for further proceedings consistent with this opinion.

The facts of this case are relatively undisputed. On January 10, 1974, Claimant, a Spanish speaking individual who testified through an interpreter and who could read and speak very little English, filed a claim petition alleging that he suffered a work related injury on November 1, 1972 while employed by Petitioner Leaseway. He alleged continuing disability from that date forward. Petitioner Leaseway filed an answer denying Claimant's allegations as to injury and disability. On August 27, 1974, Claimant and Petitioners entered into a compensation agreement which provided, *inter alia*, that Petitioners would pay to Claimant compensation at the rate of $89.87 per week beginning December 6, 1972. Paragraph 11 of the agreement stated

It is agreed upon that employee received payment through 01-01-74 and that said payment was made timely and that no claim will be made for interest or penalties for sums paid under terms of this agreement. The question of continuing disability beyond 1/1/74 is left open.

The agreement was filed on January 13, 1975.[2]

---

[2] Petitioners, in their brief, detail the negotiations leading up to the settlement agreement. They state that the idea of an agreement providing for payment up to a certain date with the question of disability after that date remaining open was suggested by a referee at a pre-hearing conference. Although Petitioners include copies of correspondence dealing with these negotiations as exhibits in their

Beginning on November 19, 1974, four hearings were held before a referee to determine whether Claimant continued to be disabled and eligible for compensation benefits after January 1, 1974. At the conclusion of the hearings, the referee found that Claimant was not disabled after January 1, 1974 and denied him benefits. Claimant appealed the referee's decision to the Board arguing that the referee erred in placing upon him the burden of proving his continuing disability rather than requiring Petitioners to prove that he was no longer disabled and that the findings of fact were not supported on the record.

The Board, however, on its own motion, determined that the agreement of August 27, 1974 violated Section 407 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §731.[3] The Board reversed the order of the referee and ordered payments for total disability to be made indefinitely from January 2, 1974.

Petitioners filed a petition for review with this Court and a petition for reconsideration or rehearing with the Board. The Board granted the latter petition, heard arguments on the matter, and on May 10, 1979, issued an order reaffirming its prior order and specifically holding that the agreement of August 27, 1974

brief, the correspondence is not part of the official record in this case. It is well established that we cannot consider allegations as to facts or statements not included in the official record of a case. Therefore, we must ignore Petitioners' arguments concerning the alleged negotiations. *Commonwealth v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 122, 125, 377 A.2d 1294, 1295 (1977).

[3] Section 435(b) of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §991(b) authorizes the Board to raise on its own motion the issue of compliance with the Act and associated rules and regulations. *See Department of Labor and Industry v. Workmen's Compensation Appeal Board*, 45 Pa. Commonwealth Ct. 581, 585, 405 A.2d 1065, 1066-67 (1979).

was in violation of Section 407 and null and void. Petitioners have now appealed from that order to this Court.

We affirm the Board's decision holding the compensation agreement to violate Section 407 and to be null and void. Section 407, in pertinent part, states

On or after the seventh day after any injury shall have occurred, the employer or insurer and employe or his dependents may agree upon the compensation payable to the employe or his dependents under this act; but any agreement made prior to the seventh day after the injury shall have occurred, or permitting a commutation of payments contrary to the provisions of this act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, *shall be wholly null and void.* (Emphasis added.)

Three types of compensation agreements, then, are null and void: those entered into before the seventh day following the injury, those permitting a commutation of benefits contrary to the Act, and those varying the amount of compensation to be paid or the period of time during which it is to be paid. *Seeley v. Galeton Lumber Co.,* 28 Pa. Commonwealth Ct. 382, 384, 369 A.2d 903, 904 (1977). We are concerned only with the third factor—amount and time.

Petitioners argue strenuously that the provision of the agreement stating that the question of disability shall be open after January 1, 1974 does not alter the period of time during which compensation is to be paid. We disagree. Once a compensation agreement is entered into, it may be terminated or modified only in a direct proceeding and in the manner specified in the Act. The statutory remedy for altering the agreement is exclusive. *Richardson v. Walsh Construction Co.,* 334 F.2d 334, 338 (3d Cir. 1964). Here, then, Pe-

titioners' remedy was to file a supplemental agreement, Section 408 of the Act, 77 P.S. §732, or a petition for modification, suspension, or termination of the original compensation agreement, Section 413 of the Act, 77 P.S. §772. Petitioners' attempt to use an automatic cutoff date set forth in the original agreement was not in compliance with the required procedures and represented an attempt to vary the time period in which compensation was to be paid in violation of Section 407.

The agreement also violated Section 407 in its attempt to waive interest payments on the compensation due Claimant from Petitioners. Although at one time this Court indicated that parties to a compensation agreement might agree to waive interest due on compensation benefits, *C & E Trucking Corp. v. Luisser,* 8 Pa. Commonwealth Ct. 72, 76, 301 A.2d 127, 128 (1973), we have since specifically held that interest payments are part of the compensation due a claimant and that any attempt to vary the amount of interest due by execution of a waiver violates Section 407, *Klingler v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 335, 339-40, 413 A.2d 432, 435 (1980).

The compensation agreement entered into between Petitioners and Claimant on August 27, 1974, then, violates Section 407 and is wholly null and void.

Despite the fact that the Board held the agreement to be null and void, it also held that "paragraph nine of the compensation agreement[4] applies, without any

---

4 Paragraph 9 of the agreement states

Said employer shall pay to said employe compensation at the rate of $89.87 per week, beginning 12-06-72 payable bi-weekly and medical and hospital expenses, subject to the limits of time and amounts provided by the Pennsylvania Workmen's Compensation Act and subject to modification or termination by Supplemental Agreement, Order of the Workmen's Compensation Board or Final Receipt.

inconsistency, and provides the compensation shall continue to claimant.'' The Board, in effect, held the agreement to be null and void as to the termination of compensation to Claimant, but not as to the Petitioners' liability to pay compensation. That order resulted from a clear error of law.

The agreement, as required by Section 407, is *wholly* null and void and unenforceable as to all provisions of the agreement and as to all parties. *Bair v. Susquehanna Collieries Co.,* 335 Pa. 266, 269, 270, 6 A.2d 779, 780-81 (1939). In other words, we must treat it as if it never existed. The result of a decision such as this, of course, is that the parties are returned to their status as it was before they entered into the agreement. Claimant's petition for compensation will be regarded as still pending before the referee and Claimant will bear the burden of proving his right to compensation and all the elements necessary to support an award. *Halaski v. Hilton Hotel,* 487 Pa. 313, 317, 409 A.2d 367, 369 (1979); *Fox v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 93, 95, 373 A.2d 141, 142 (1977).[5]

We recognize that because Claimant's alleged injury occurred almost eight years ago the parties may have some difficulty reconstructing the evidence in this case. Notwithstanding the impact our decision may have on these parties as individuals, we recall and apply the reasoning of our Supreme Court in *Bair v. Susquehanna Collieries Co.* at 270, 6 A.2d at 780, quot-

---

[5] The Board and Claimant argued in their brief that once a settlement agreement is executed, the burden of proof no longer lies with the claimant but with the employer trying to terminate or modify compensation payments. This is true in a case where the settlement agreement is valid and enforceable. *See, e.g., Empire Kosher Poultry, Inc. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 394, 396, 402 A.2d 561, 562 (1979); *Fehr v. Y.M.C.A., Pottsville,* 201 Pa. Superior Ct. 107, 109, 192 A.2d 143, 145 (1963). It is not true, however, where the agreement is null and void.

ing from *Woolsey v. Panhandle Refining Co.*, 131 Tex. 449,    , 116 S.W.2d 675, 678 (1938) :

> 'Refusing to enforce the agreement of settlement involved here will be far less disastrous to the great army of employees operating under this statute than to hold that under the law an employee and an employer can contract away the rights of the employee.'

In summary, then, we affirm the decision of the Board declaring the settlement agreement entered into between Claimant and Petitioners on August 27, 1974 to be null and void. We reverse the Board's order awarding benefits to Claimant and we remand the record in this case for proceedings consistent with this opinion.[6]

## Order

And Now, this 20th day of August, 1980, the Order of the Workmen's Compensation Appeal Board, Docket No. A-73447, entered May 10, 1979, is affirmed in part and reversed in part and the above-captioned matter is remanded for proceedings consistent with this opinion.

---

Dissenting Opinion by Judge Mencer :

I respectfully dissent.

In August 1974, the employer and employee agreed that total disability payments would be paid to the employee from December 6, 1972 through January 1, 1974. This agreement, standing alone, would certainly be valid under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., since there is no dispute

---

[6] Because of our disposition in this case, we need not review the adequacy of the referee's findings of fact on the issue of Claimant's continuing disability subsequent to January 1, 1974.

that claimant received the proper amount, per week, as provided for in the Act.

The clause in the agreement providing that the question of disability *after* January 1, 1974 shall be open does not, in any way, alter the period of time during which compensation shall be payable. Agreeing to place the question of continuing disability at issue is *implicit* in *all* compensation agreements, since the employer may, at any time, petition for modification, termination, or suspension of benefits, and the employee may, at any time, petition for modification of benefits. Thus, here, employer and employee have agreed to allow the question of future disability to be litigated.

I would, therefore, hold that the agreement was valid, except for the interest and penalties provision, reverse the Board's order granting benefits, and remand for a computation of interest and for further proceedings before the referee, with the burden upon claimant of proving continuing disability beyond January 1, 1974.