## Keller v. New Cumberland Zoning Hearing Board

474

*Ronald M. Katzman*, for appellant
*Richard W. Stewart*, for appellee.

SHUGHART, *P.J.*, March 17, 1981—Appellant, Kenneth R. Keller, owns a vacant gasoline service station located on the corner of Seventh and Bridge Streets in the Borough of New Cumberland, an area zoned C-2 Commercial District.

On September 24, 1979, appellant applied to the New Cumberland Zoning Hearing Board for a special exception to attach a diner to the existing structure and thereafter operate it as a restaurant. The special exception, providing for an expiration date of June 1, 1980, was granted on October 18, 1979. The special exception was further conditional on the appellant obtaining necessary permits and approvals. No objections to the special exception were voiced and no appeal was taken from the board's decision.

On February 21, 1980, appellant again made application to the zoning hearing board. This time appellant sought a variance or a special exception to operate a pizza and sandwich shop on the Seventh and Bridge Street property. The site development plans submitted with this application did not call for the attachment of a diner to the existing structure. A hearing was held before the zoning hearing board on March 17, 1980, and on April 14,

1980, the board entered its decision denying the application.

On May 15, 1980, pursuant to the special exception granted October 18, 1979, appellant applied for a zoning permit as required by section 603 of the Zoning Ordinance. The site development plans submitted with the application for the zoning permit were similar to the plans submitted with the February 21, 1980, application for a special exception or variance in that the plans did not call for the attachment of a diner to the existing structure. On June 10, 1980, the zoning officer denied the permit on the basis that it did not comply with the special exception of October 18, 1979, because the permit application and the plans did not indicate that a diner would be attached to the existing structure.

Appellant thereafter appealed the zoning officer's denial of the zoning permit to the zoning hearing board. On August 11, 1980, the board held a hearing on the appeal and on September 8, 1980, it sustained the refusal of the zoning permit and, in addition, it revoked the special exception granted on October 18, 1979. These rulings are the subject of the present appeal.

A review of section 302 of the New Cumberland Zoning Ordiance makes it very clear that a restaurant use is not permitted in a C-2 Commercial District either by right or special exception. Thus, we must start our analysis from the premise that the October 18, 1979, special exception was improperly granted.

With this in mind, the initial question for resolution is whether a zoning hearing board can revoke, sua sponte, an improperly granted special exception nearly eleven months later. The board contends that Ventresca v. Exley, 358 Pa. 98, 56 A. 2d 210 (1948), is authority for the proposition that

such revocation is permissible. A careful reading of Ventresca, however, indicates that the variance revoked there was not on the board's own initiative, but was upon the complaint of a substantial group of citizens. Moreover, Ventresca involved an ordiance which specifically authorized the revocation. In the case at bar, there is no citizen protest and there is no express authorization for the board's revocation. Thus, Ventresca does not control the situation before us.

Appellant, on the other hand, argues that the board's decision was not appealed within the thirty day appeal period of section 915 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10915, and, therefore, the board's decision is final. The difficulty with this argument is that section 915 of the Municipalities Planning Code does not apply to the board itself, but is applicable only to an aggrieved party who seeks to have a board decision reversed.

We have been unable to unearth any appellate court decisions addressing the exact issue before us. There are, however, several decisions holding that an administrative agency cannot vacate an order on its own motion without giving the parties involved an opportunity to be heard. See, e.g., Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 90, 94-95, 309 A. 2d 165, 167 (1973). "[A]n administrative agency, on its own motion, having provided the proper notice and explanation, may correct typographical, clerical and mechanical errors obviated and supported by the record. . . It may not, however, absent a petition for reconsideration or the granting of the opportunity to be heard by way of oral argument or brief, reverse

itself on the substantive issues previously decided."
See also Com. v. Workmen's Compensation Appeal
Board, 32 Pa. Commonwealth Ct. 122, 377 A. 2d
1294 (1977). Since a zoning hearing board is an
administrative body, see, e.g., Bidwell v. Zoning
Board of Adjustment, 4 Pa. Commonwealth Ct.
327, 286 A. 2d 471 (1972), it is apparent that a
zoning hearing board cannot reverse itself on a
substantive issue in the absence of a petition for
reconsideration or without first giving a party to be
affected by such reversal an opportunity to be
heard. In the case at bar, there was no petition for
reconsideration, and in fact, no one ever voiced
opposition to the special exception. Moreover, ap-
pellant was not given a meaningful opportunity to
be heard on the consideration of the board to revoke
the special exception since the only issue before the
board at the hearing on August 11, 1980 was the
propriety of the zoning officer's denial of a zoning
permit. Under these circumstances it is apparent
that the board erred in revoking the special excep-
tion and the case must be remanded to provide
appellant an opportunity to be heard.

On remand in light of the delay between the
granting of the special exception and the at-
tempted revocation, the board should consider
whether appellant obtained a vested right in the
special exception even though it was erroneously
granted in the first instance. In Com. v. Flynn, 21
Pa. Commonwealth Ct. 264, 344 A. 2d 720 (1975),
it was recognized that one may obtain a vested
right in a permit even if the permit was granted by
mistake or illegally. There is no reason why one
cannot similarly obtain a vested right in a special
exception. The board recognized this possibility in
its brief, but then argued that appellant had not

obtained a vested right in the special exception because he had not shown that he made substantial expenditures in reliance on it. In support of this argument the board relies on testimony that it elicited regarding the appellant's expenditures in reliance on the special exception. This testimony, however, can best be characterized as a mere guess. No documentation appears of record to support it and it is apparent that the lack of documentation is because the appellant had no forewarning that the special exception would be reconsidered at the August 11, 1980, hearing. Thus, if the board considered the vested rights question prior to revoking the special exception, such consideration was made without first providing the appellant a meaningful opportunity to present evidence and the board cannot now be heard to argue that appellant failed to show that he made substantial expenditures in reliance on the special exception.

In Flynn, the court looked at the following factors in determining whether a vested right had obtained in a permit issued on the basis of a mistake, and stated at p. 272, 344 A. 2d at 725:

"1) his due diligence in attempting to comply with the law; 2) his good faith throughout the proceedings; 3) the expenditure by him of substantial unrecoverable funds; 4) the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit; 5) the insufficiency of the evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit."

Under the circumstances of the case at bar, the appellant is entitled to an opportunity to be heard in

regard to the question of whether he obtained a vested right in the special exception. The board's sua sponte revocation of the special exception did not provide the appellant such an opportunity. On remand, appellant should be afforded a hearing where he can present evidence in regard to the five factors outlined in Flynn. This evidence, if presented, should be carefully weighed by the board in deciding whether a revocation of the special exception is indeed appropriate, particulary since it was the board's own action which prompted any losses appellant may have incurred.

The board further argues that even if the special exception was of any effect, the appellant cannot claim any rights under it because he could not have had the use in effect by June 1, 1980. This argument is without merit. Although the special exception was designated as expiring on June 1, 1980, the letter decision granting the special exception does not specify that the use had to be in effect by June 1, 1980. The application for a zoning permit on May 15, 1980, was sufficient action to prevent the special exception from expiring. Support for this conclusion is found in the zoning ordinance itself. Section 701.7 provides: "Unless otherwise specified by the Zoning Hearing Board, a special exception or variance shall expire if the applicant fails to obtain a building permit, thereunder, within six (6) months from the date of authorization thereof." This section specifies that a special exception expires as of course in six months and that a building permit prevents such expiration. It also states that the board may provide otherwise. Here, the most reasonable interpretation of the June 1, 1980, expiration date is that it was an extension of the six month period provided for by the ordinance

and that the application for a zoning permit prevented the expiration of the special exception.

Regarding the propriety of the denial of the zoning permit, it is apparent that if the special exception is valid to use the property as a restaurant and if the attachment of a diner is appropiate, a lesser use of the property by not attaching a diner is included within the grant of the special exception. If on remand it appears that there is a vested right in the special exception, the zoning officer's denial of a zoning permit was erroneous and the affirmation of the zoning officer's decision was also erroneous.

We have discussed matters beyond the needs of our decision with the hope that a return of this matter to court may be avoided.

### ORDER

And now, March 17, 1981, for the reasons appearing in the opinion filed this date, the September 8, 1980, decision of the New Cumberland Zoning Hearing Board is reversed and the case is remanded to the board for further proceedings consistent with this opinion.