514 A.2d 316

Paul Whitesel, Petitioner *v.* Workmen's Compensation Appeal Board (J.M. Junk Sawmill and State Workmen's Insurance Fund), Respondents.

Submitted on briefs May 13, 1986, to Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Lester H. Zimmerman, Jr., Barron & Zimmerman,* for petitioner.

*Frederick H. Hobbs,* with him, *Paul J. DuFallo,* for respondents.

OPINION BY JUDGE DOYLE, September 2, 1986:

This is an appeal by Paul Whitesel (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying

reinstatement of a supplemental agreement for partial disability compensation. The referee found that Claimant was disabled from a compensable injury and had been paid benefits pursuant to a notice of compensation payable. A supplemental agreement, which acknowledged that the injury had changed from one of total to one of partial disability, was entered into between Claimant and J.M. Junk Sawmill (Employer) on March 12, 1974. The supplemental agreement modified the compensation rate to $48.76[1] and states that compensation shall continue at that rate from March 7, 1974 for "indefinite weeks." Employer honored this agreement for 500 weeks after which time it stopped paying benefits. Claimant petitioned for reinstatement, the referee denied his petition and the Board affirmed. This appeal ensued.

Claimant on appeal takes the position, as he did below, that the term "indefinite weeks" varied the amount of compensation to be paid or the period of time in which compensation was to be paid, and thus it violated Section 407 of The Pennsylvania Workmen's Compensation Act,[2] (Act) 77 P.S. §731, and rendered the supplemental agreement null and void. Claimant's specific theory is that there is no provision under the Act which provides for the indefinite payment of compensation benefits and hence that the statement that he would be paid indefinitely is "tantamount to varying the period of time during which compensation benefits could be paid to him under the Act." Claimant's brief at 8. (Emphasis deleted.) Employer, on the other hand, contends that pursuant to the language of Section 306(b) of the Act, 77 P.S. §512, a partial disability terminates

---

[1] Claimant was originally paid $65.01 for his work-related disability.

[2] Act of June 2, 1915, P.L. 736, *as amended*.

by operation of law after 500 weeks and hence that its termination of benefits after that period of time was proper.

Section 512 states that compensation for partial disability "shall be paid during the period of such partial disability . . . but for not more than five hundred weeks." And Section 407, governing compensation agreements, provides in pertinent part:

> [A]ny agreement . . . varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void.

Claimant asserts that the instant case is controlled by our decision in *Leaseway Systems, Inc. v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 520, 418 A.2d 796 (1980). In *Leaseway* the parties entered into an agreement which provided that the employer would pay compensation beginning for the week of December 6, 1972 but that the question of continuing disability beyond January 1, 1974 would be left open. Thus, in *Leaseway,* the agreement if upheld would have permitted the parties to terminate payment *prior to the expiration of 500 weeks* without resort to further proceedings as required under the Act. We refused to allow such a result. In the instant case, however, the full 500 weeks has run. Claimant's situation is thus clearly distinguishable from that in *Leaseway.* Under the very statute from which Claimant's rights spring, *i.e.* Section 306(b), there is a time restriction which operates to limit by law his benefits. And in the same way that Claimant's entitlement to benefits cannot be *cut off* prematurely without resorting to the appropriate provisions of the Act, *see Leaseway,* neither can his entitlement to benefits be *extended* under the provisions of Section 306(b) beyond what that Section allows. It is thus clear that "indefinite weeks" cannot mean that

Claimant shall be entitled to benefits for a period beyond 500 weeks and that the use of that term is, at most, surplusage.

Accordingly, we agree with the Board that Claimant's petition was properly dismissed and thus affirm its order.

## ORDER

NOW, September 2, 1986, the order of the Workmen's Compensation Appeal Board, No. A-89482, dated August 12, 1985 is hereby affirmed.