531 A.2d 68

Patricia M. Eicholtz, Petitioner *v.* Workmen's Compensation Appeal Board (Flinchbaugh Products, Inc.), Respondents.

Submitted on briefs April 21, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*William H. Poole, Jr., McCullough & Poole*, for petitioner.

*Douglas B. Marcello, Mancke, Lightman & Wagner*, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, September 11, 1987:

Patricia M. Eicholtz, Claimant in this workmen's compensation case, appeals here an order of the Workmen's Compensation Appeal Board (Board), affirming

the dismissal by a referee of Claimant's Petitions to Set Aside a Final Receipt and to Reinstate Compensation Payments.

Pursuant to a Notice of Compensation Payable, compensation payments were begun for an injury suffered by Claimant on April 20, 1979, resulting in a "herniated lumbar disc L5-S1 LT." On or about August 24, 1979, a Final Receipt was executed by Claimant which recited that compensation had been paid to her for the injury of April 20, 1979 and that she was able to return to work on August 20, 1979. Subsequently, on or about February 15, 1980, Claimant filed her Petition to Set Aside Final Receipt, averring therein that "I have not recovered from my injuries, I need further medical attention, I am unable to follow my employment." This petition was disposed of by Referee Krasno on August 6, 1981, but pursuant to the terms of an agreement reached between counsel that payment would be made of compensation for seventy-two weeks a total sum of $9,691.20, at Claimant's rate of $134.60, provided that Claimant agreed to have the referee render a decision based on findings of fact proposed by defense counsel under which the pending petition to set aside Final Receipt would be dismissed by the referee. A side letter from insurer's counsel to Claimant's then current counsel, memorializing this settlement and agreement, dated July 7, 1981, required also Claimant's agreement that the sum being paid, $9,691.20, would serve as a credit "against any future additional claim for compensation benefits which may be filed by your client." The letter further provided that the insurer would defray the cost of a laminectomy if performed prior to July 1, 1982 and would make provisions to insure that the medical bills for such a procedure would be paid by Employer's insurer, Home Insurance Company, "once it is substantiated that the laminectomy is related to the October 20,

1979 injury," but the letter contains no agreement to resume weekly benefit payments during disability caused by such surgery.

The final paragraph in the insurer's letter of July 7, 1981, signed by Claimant and dated July 17, 1981, reads: "I have had the contents of this letter read to me by my attorney, Raymond Smith, Esquire, and agree to what the letter says." Appellant's Brief and R.R. 9a.

Examination of Referee Krasno's decision of August 6, 1981, reveals that Claimant was the only witness called. While we have not been supplied with a copy of the proposed findings of fact referred to in the letter of July 7, 1981, the resulting order of Referee Krasno reads:

## ORDER

AND NOW, this 6th day of August, 1981, Claimant's Petition to Set Aside Final Receipt No. 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, herein filed, is dismissed for failure to produce competent medical testimony.

The proceedings in this case are hereby closed.

On or about April 17, 1984, Claimant filed the two petitions involved on this appeal. The Petition to Set Aside Final Receipt,[1] contained the following:

I, PATRICIA M. EICHOLTZ hereby petition to set aside the Final Receipt under which compensation in the above case was terminated on July 9, 1981. As reason for this petition, I allege the following facts: At the time I signed Final Receipt, I was not aware that I was signing a Final Receipt and also my disbility had not ceased.

R.R. 11b.

---

[1] Section 434, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001.

Defendant's answer to this petition contains the following:

> It is denied that claimant's disability had not ceased. By way of further defense, it is averred that claimant did sign a final receipt on July 9, 1981, and therefore it must be presumed that all disability had ceased at that time.

R.R. 13b.

It was later established that no Final Receipt was signed on July 9, 1981, Claimant and her counsel being under the mistaken impression that the last paragraph of the letter of July 7, 1981, quoted above, which she signed was a Final Receipt. *See* Respondent's Brief at pages 34b, 48b.[2] The record is clear, however, that no Final Receipt was signed in 1981, but only the one in 1979 referred to in Referee Krasno's decision.[3]

---

[2] Claimant testified:

Q. I show you a letter that I marked as Claimant's Exhibit Number 4. I will show you the original of that document and ask if you can identify this; just briefly tell the Referee what that is.

A. Yes, sir. This is the letter that Mr. Smith [Claimant's former counsel] told me to sign. I said: will this close my case? He said: no; it does not; it just shows that you received your back Workmen's Comp. that they had not paid you.

Q. You signed that; is that correct?

A. Yes, sir; I signed that.

Q. That is the original of your signature; is that correct?

A. Yes, sir; that is it.

R.R. 60b, Respondent's Brief.

[3] The record contains the following:

MR. DORER: I would like to honestly apologize for the pleadings error. I thought that there was a final receipt signed.

REFEREE BUDDING: I see what happened now. There was never any Final Receipt signed. She signed a final receipt, but that apparently was for 1979.

R.R. 79b, Respondent's Brief.

Claimant's Petition for Reinstatment of Compensation contains the following averment:

> I, PATRICIA EICHOLTZ, . . . hereby petition to reinstate compensation . . . which was terminated on or about July 9, 1981 . . . the company terminated my compensation without cause, even though I was still under disability.

R.R. 3b.

To this petition, also, Defendant filed answer denying Claimant's averments.

Following the last hearing, the referee addressed to Claimant's counsel a letter dated September 23, 1984, in effect ruling that Referee Krasno's decision was *res judicata,* inviting a motion to dismiss.[4]

Thereafter, Referee Budding, on October 1, 1984, filed his decision marked "MOTION TO DISMISS" containing the following:

> 4. By letter dated September 24, 1984, Referee Budding indicated to Claimant's counsel that Claimant's petition to readjudicate the prior determination of Referee Krasno was improper and indicated that a Motion to Dismiss of Defendant would be granted when made. A copy of

---

[4] The full text of the letter is as follows:

Dear Mr. Poole:

As I read your letter and the files, I find that your client agreed to a stipulated set of facts upon which Referee Krasno filed an opinion dismissing claimant's petition for lack of competent medical testimony.

Compensation was paid to your client prior to the order dismissing the petition.

It is my position that your petition to readjudicate what has been adjudicated cannot be done. A motion on the part of Mr. Dorer to dismiss is in order and I will grant it when made.

R.R. 17b, Respondent's Brief.

this correspondence is attached hereto, marked as Exhibit "A", and made a part hereof.

5. Claimant has the burden of proof in support of the Petitions filed and that burden of proof has not been met.[5]

R.R. 7b.

Referee Budding's order reads:

### ORDER

And Now, To Wit this 1st day of October, 1984, upon consideration of the within Motion to Dismiss, it is hereby ordered that Claimant's Petition to Set Aside Final Receipt of compensation and Petition to Reinstate be dismissed.

R.R. 7b.

On appeal, the Board, treating the Claimant's petitions and this proceeding as one to set aside the Final Receipt of 1979 and invoking the limitations in Sections 434 and 413, affirmed, stating:

After a careful review of the record, we find that the time limits in the two specified petitions are mandatory under the Act and therefore the Referee was correct in dismissing the petitions. We assume that the Referee did not allow the claimant to present medical testimony because

---

[5] The record contains examples of the limitation of Claimant's testimony by the referee and although the record was kept open at the last hearing, it was apparently closed by the referee following his letter, Footnote 4 above. At the end of the final hearing, the following appears:

MR. POOLE:, [Claimant's counsel] You are then holding the record open pending a determination of whether or not I will need medical testimony?

REFEREE BUDDING: Right.

We note that Claimant's second contention is that it was error for the Referee to refuse to permit the taking of additional testimony. Appellant's Brief, p. 12, quoting from the record at 21a of Appellant's Brief.

the time limits were clearly beyond the statutory period and therefore saw no reason or gave permission to the claimant to secure medical testimony.

R.R. 97b.

On this state of the present record, we must first note that the referee's and Board's reasons for disallowing Claimant's petitions are not the same: the referee's apparently is based upon the doctrine of *res judicata* and the Board upon the bar of limitations in Sections 413 and 434 of The Pennsylvania Workmen's Compensation Act. The Claimant argues forcefully that both bases for denial of her petitions are in error. Since this appeal is from the Board's opinion and order we will consider the limitations question.

### ARE LIMITATIONS A BAR TO THESE PROCEEDINGS?

Obviously, there was no Final Receipt signed after the payment of $9,691.20, to cover back compensation due for 72 weeks after the only Final Receipt in this case was signed. In such circumstances, a voluntary resumption of compensation, as with a supplemental agreement, eliminates the Final Receipt and reinstates liability to pay compensation, so that there is merit in Claimant's contention that, if the three-year limitation in Sections 413 and 434 could be invoked, the limitation on each petition would begin to run in July of 1981, when the last payment of compensation was made, allowing filing until July of 1984. The petitions, as noted, were filed in April of 1984. *Hartung v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 240, 410 A.2d 1301 (1980); *Marshall v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 426, 418 A.2d 769 (1979). *See also Pliscott v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 292, 305 A.2d 918 (1973).

Appellees, of course, cannot dispute the fact that the payments in July of 1981 were indeed payments of workmen's compensation, defense counsel's letter makes this very clear, particularly in specifying the original agreed compensation rate and the requirement that the payments then being made represent compensation paid in event of any future liability.[6]

## THE DECISION OF REFEREE KRASNO

We turn now to consider the question raised as to the significance of Referee Krasno's decision. We believe that to urge that the Final Receipt in 1979 has continuing validity because of Referee Krasno's decision is plain and simple nonsense. First of all, as we have pointed out, the 1979 Final Receipt drops out of the case when compensation payments are resumed. It is certainly not sensible to suggest that a Final Receipt terminating payments as of August 20, 1979, is still in effect when compensation payments are made for 72 weeks after that date. Furthermore, the decision is patently contrary to fact: not only is the Final Receipt removed by agreement of the parties, but the reason given by Referee Krasno for his Order of Dismissal is not the real reason for the dismissal, "failure to produce competent medical testimony." The real reason, of course, is the agreement of the parties to resume payments on condition that the liability be limited to a settlement figure and that the referee be authorized as part of the agreement to dismiss Claimant's petition. For an agreement to resume payment to avoid illegality, there is a proper form of Supplemental Agreement required to be formally executed and filed with the Department. Sections 407, 408, 413(b) of the Act. 77 P.S. §§731, 732, 774.1. Such agreements may provide for resumption of pay-

---

[6] See Insurer's letter of July 7, 1981 at pages 27b-28b of Respondent's Brief.

ments, but having agreed to regular weekly benefit payments cessation of payments may only be legally achieved by Final Receipt, Suspension Agreement or by a referee's Order of Suspension or Termination.[7] Of course, we have none of these legally proper bases for discontinuing payments in 1981.[8] Agreements and arrangements like the one in this case which are contrary to the terms of the workmen's compensation laws are simply null and void under the provisions of Section 407 of the Act, 77 P.S. §731. *Reilly v. Workmen's Compensation Appeal Board (General Elec. Co.)*, 98 Pa.

---

[7] "The statutory remedy for altering the agreement is exclusive." *Leaseway Systems v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 520, 418 A.2d 796, 799 (1980). Section 413(b) provides penalties for cessation of payments without following statutory procedures, 77 P.S. 774.1.

[8] It may well be that if the agreement to resume payments, like a supplemental agreement, reinstates liability, absent a final receipt or other basis for terminating payments, the Employer's liability to continue payment remains alive. *Furman v. Standard Pressed Steel Co.,* 111 Pa. Superior Ct. 44, 169 A. 243 (1933); *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.),* 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983).

In *Furman* it is stated:

The law does not contemplate that an employer can terminate an agreement simply by refusing to pay under it, or that at the end of a year [now three years] after such refusal the employe's rights are gone. If just cause for terminating the agreement exists, the Act supplies a remedy to the employer in case of the unreasonable refusal of the workman to sign a final receipt, but it does not make the employer both litigant and judge. So long as he has taken no step to terminate the agreement it remains in force even though he has discontinued payments under it, and when, as here, just grounds for its continuance appear the board can, on the petition of the claimant, order it to be fulfilled and carried out; and it may do this even though the claimant's petition asked for a review and increase of compensation rather than its enforcement.

Commonwealth Ct. 488, 512 A.2d 749 (1986) *allowance of appeal denied,* 514 Pa. 651, 524 A.2d 496 (1987); *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board (Maas),* 506 Pa. 592, 487 A.2d 794 (1985); *Leaseway Systems, Inc. v. Workmen's Compensation Appeal Board (Beccerra),* 53 Pa. Commonwealth Ct. 520, 418 A.2d 796 (1980).

The first paragraph of Section 407, pertinent here, reads:

> On or after the seventh day after any injury shall have occurred, the employer or insurer and employe or his dependents may agree upon the compensation payable to the employe or his dependents under this act; but any agreement made prior to the seventh day after the injury shall have occurred, or permitting a commutation of payments contrary to the provisions of this act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, *shall be wholly null and void*. (Emphasis the Court's.)

> As we stated further in *Beccerra*

> Three types of compensation agreements, then are null and void: those entered into before the seventh day following the injury, those permitting a commutation of benefits contrary to the Act, and those varying the amount of compensation to be paid or the period of time during which it is paid. Seeley v. Galeton Lumber Co., 28 Pa. Commonwealth Ct. 382, 384, 369 A.2d 903, 904 (1977). We are concerned only with the third factor—amount and time.

53 Pa. Commonwealth Ct. at 524, 418 A.2d at 798.

As in *Beccerra,* we have no hesitancy in finding that the agreement, including the decision of Referee

Krasno, which was a part of the settlement arrangement are null and void.[9]

## CONCLUSION

We conclude that Claimant is entitled to relief, to the extent of being provided a hearing on the merits of her quest for disability benefits: either because there is an agreement to reinstate payments entered into in July of 1981, not properly terminated, or there is still pending a Petition to Set Aside the 1979 Final Receipt since Referee Krasno's decision is a nullity. *Beccerra*. As noted, of course, the 72 weeks of payments eliminate any limitation defenses.

Accordingly, we will remand this case for further proceedings in accordance with this opinion for the determination of what compensation may be due Claimant under the workmen's compensation laws with credit for the 72 weeks paid to Claimant under the 1981 agreement.

## ORDER

Now, September 11, 1987, the decision of the Workmen's Compensation Appeal Board as of No. A-89052, dated August 28, 1985, is reversed, and this case is remanded for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.

---

[9] In view of the conclusion we have reached and the remand order, we deem it unnecessary to consider Claimant's contention that the referee erred in refusing to allow corrobative testimony by the Claimant's witnesses.